**Gene B. HOLDER, Petitioner,**

v.

**The DEPARTMENT OF the ARMY, Respondent.**

**Appeal Nos. 25–80, 26–80.**

United States Court of Claims.

Feb. 10, 1982.

Richard P. Fox, Los Angeles, Cal., for petitioner.

Adrian C. Hunte, Washington, D. C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D. C., for respondent.

Before FRIEDMAN, Chief Judge, and KUNZIG and BENNETT, Judges.

## ON APPEAL FROM MERIT SYSTEMS PROTECTION BOARD

BENNETT, Judge:

The court is presented here with two appeals by petitioner, under the Civil Service Reform Act of 1978, 5 U.S.C. § 7703 (Supp. IV 1980) (the Act), from decisions of the Merit Systems Protection Board (MSPB). The appeals have been briefed and we have heard oral argument.

Appeal No. 26–80 contests petitioner's demotion for inefficiency.

Appeal No. 25–80 contests his denial of a within-grade increase.

Respondent, the Department of the Army, supports the MSPB decisions on the grounds, respectively, of finality and lack of jurisdiction under section 7703(c) of the Act. We agree with respondent.

Petitioner became a civilian employee of the Department of the Army in 1968. Prior to April 1, 1979, he was a staff administrative assistant, GS–9 level, with the 139th Ammunition Battalion, 63d U. S. Army Reserve Command. The battalion was under the command of Lt. Col. Ronald McDougall between December 1976 and December 1978. Petitioner was LTC McDougall's principal staff assistant and was responsible for supervision of day-to-day operations of the unit. Petitioner was a nonprobationary career employee.

LTC McDougall became extremely dissatisfied with petitioner's performance of his duties and on August 11, 1978, issued to him a 90-day warning notice of substandard performance. The letter detailed the deficiencies in petitioner's performance and speci-

fied what the performance requirements were and what was expected of petitioner. Petitioner was cautioned that at the end of the warning period he would be assigned a satisfactory rating if his performance had improved to the point where it met the specified standards, otherwise his rating would be unsatisfactory. The letter warned: "Assignment of an unsatisfactory rating is a basis for removal from your position by reassignment, demotion or separation from Federal Service for inefficiency." During the 90-day interval, petitioner was counseled by LTC McDougall on a biweekly basis and sent 25 pages of "counseling letters."

On September 25, 1978, petitioner was notified by LTC McDougall that his unsatisfactory performance might result in the withholding of a within-grade increase. This notice was issued to comply with the requirement that an employee must be advised 60 days in advance of any action when his performance does not meet the statutory standard in 5 U.S.C. § 5335(a)(3)(B) (1976) that a within-grade increase may be granted only if the employee is performing at "an acceptable level of competence as determined by the head of the agency."

Despite the warnings and the counseling, petitioner's deficiencies continued and his performance was substandard in the judgment of his superior who, therefore, issued to petitioner on January 23, 1979, a notice of proposed demotion to the GS–7 position of staff administrative specialist and notified him that he would not receive a within-grade increase. The demotion became effective April 1, 1979, and the denial of a within-grade increase was by decision of May 9, 1979.

Petitioner appealed the demotion to the MSPB on April 13, 1979, and the denial of the increase on June 4, 1979. A hearing was held on the demotion action on June 14, 1979, and a scheduled hearing on the denial of an increase was waived by petitioner.

The demotion action was upheld on July 26, 1979, and the decision sustaining denial of the increase was made on September 27, 1979. All but two of the several charges

were sustained in each case. Petitioner, through counsel, requested reconsideration, but on November 5, 1980, the MSPB denied both appeals. The petitions for review in this court followed on November 17, 1980.

■ We first address petitioner's challenge to the MSPB decision of July 26, 1979, which upheld the agency action in demoting petitioner. The statute under which the agency processed this action, 5 U.S.C. § 7513(a) (Supp. IV 1980), requires that a demotion be for such cause as "will promote the efficiency of the service." Eight charges were brought against the employee and all but two were sustained by the MSPB. The charges sustained related variously to petitioner's failure to supervise and counsel his subordinates adequately, his own absenteeism, his lateness in submitting work, and his inadequate mobilization plans and training procedures. In defense, petitioner relied on general character witnesses and excuses of insufficient staff, neither of which the MSPB found relevant or persuasive. Since petitioner has not pointed to any evidence not considered by the examiner bearing on the truth of the charges, our limited scope of review mandates that the MSPB determination affirming the demotion should not be overturned on such evidence. The decision was supported by substantial evidence, was not arbitrary or an abuse of discretion, and lawfully followed required procedures. 5 U.S.C. § 7703(c) (Supp. IV 1980). *Mosely v. Department of the Navy*, Ct.Cl.App. No. 35–80 (order entered December 23, 1981); *Meyer v. Department of Health & Human Services, Social Security Administration*, —— Ct.Cl. ——, 666 F.2d 540 (1981).

■ Petitioner's main challenge to the decision is on a technical ground relating to LTC McDougall's authority to take the action against him and the severity of the penalty imposed. The technical argument is the same as raised before the MSPB. In short, it claims a violation of law and regulations because LTC McDougall was not in fact the commander of the battalion in January 1979 when the demotion was ordered and the within-grade increase was denied.

LTC McDougall had left the command for another in December 1978. The question is whether this makes any difference. Petitioner argues that only an individual who is currently a commander may propose an adverse action. This seems logical but the facts of this case indicate otherwise. The new commander is not shown to have known anything about petitioner's performance in the reporting period prior to his assumption of command. The MSPB accepted LTC McDougall's testimony and found that there was no vitiating procedural error here because LTC McDougall had prepared the notices of proposed demotion and grade increase denial while he was still the commander. The general officer above him, Brig. Gen. Robert M. Carter, had authorized and directed him to present both notices to petitioner even though by this time he had been reassigned by General Carter. This general, in fact, was the ultimate deciding official in the action and gave the final authorization for the action taken against petitioner. The only procedural error here, and it is harmless, was that LTC McDougall incorrectly signed the notices as commander. Petitioner seeks to elevate form over substance.

■ Petitioner complains that the McDougall testimony was hearsay and that impermissible command influence was exercised here. We reject these contentions. The trier of the facts was satisfied with the credibility of LTC McDougall's testimony. Further, we have been shown no statute or regulation that requires a current supervisor to be consulted before an adverse determination is made concerning a civilian employee whose conduct took place before the supervisor assumed his duties and when the employee's efficiency had been lawfully evaluated prior to the supervisor's appearance on the scene. On appellate review we find that the MSPB conclusions are supported by substantial and credible evidence and are not arbitrary, capricious, or so grossly erroneous as to imply bad faith.

We reach the same conclusion on the issue of the appropriateness of the demotion action as a penalty. It was not so harsh as to constitute an abuse of discretion nor was it disproportionate to the offense. Petitioner's inefficient performance impeded satisfactory completion of crucial duties and his removal could have been invoked for the efficiency of the service. The warning notice of August 11, 1978, told petitioner this. The penalty actually imposed was less. Under the limited scope of review accorded to the court by the 1978 Act we must affirm the MSPB decision on demotion since it is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Brewer v. United States Postal Service*, 227 Ct.Cl. ——, ——, 647 F.2d 1093, 1096 (1981) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216–17, 83 L.Ed. 126 (1938)), *cert. denied*, —— U.S. ——, 102 S.Ct. 1005, 71 L.Ed.2d 296 (1982), and accords with the statutory guidelines for review of these cases by the court, 5 U.S.C. § 7703(c).

In petitioner's appeal contesting the denial of the within-grade promotion he makes essentially the same arguments as in the appeal regarding demotion and relies on certain Army regulations which indicate that a commander cannot command unless he has current orders to do so. We recognize that this is certainly so where command of troops is concerned, and authority cited by petitioner confirms this. In its decision of September 27, 1979, affirming the adverse agency action, the MSPB correctly pointed out, however, that, pursuant to 5 U.S.C. § 5335(a)(3)(B) (1976) and 5 C.F.R. § 531.407(a) (1981), responsibility is assigned to the head of the agency or the delegated supervisory official to determine what constitutes an acceptable level of competence for a civilian employee and whether such an employee is performing at such a level. The board further said: "Discretion rests with the head of the agency to delegate his authority to lower supervisory levels. There is no provision in statute or OPM regulation for the Board to review or interfere with that agency discretion."

■■ There is no entitlement by statute to a monetary claim for failure to win a

promotion, reclassification, or pay increase, absent violation of some statute or regulation mandating it, at least since *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). "Salary determinations wholly within an agency's discretion are beyond the scope of the Tucker Act, 28 U.S.C. § 1491 (1976)." *Garbacz v. United States*, 228 Ct.Cl. ——, ——, 656 F.2d 628, 636 (1981). Stated another way, discretionary payment of money does not give rise to a claim for money damages against the United States. *Dunn v. Department of Agriculture*, 228 Ct.Cl. ——, 654 F.2d 64 (1981). We decline, therefore, to review this appeal on the merits, lacking jurisdiction to do so absent violation of an enforceable right. Further, we think the MSPB was correct in taking the position that it could not review or interfere with the discretion exercised by the agency head in delegating his authority to determine an acceptable level of employee competence. Finally, petitioner has not met his burden of showing that the administrative decisions must be set aside on judicial review under the statutory standards for such review. 5 U.S.C. § 7703 (Supp. IV 1980).

In Appeal No. 26–80 the decision of the Merit Systems Protection Board in the case of *Holder v. Department of the Army*, No. SF075299044 (July 26, 1979), and the order of the board on November 5, 1980, denying the petition for review, are affirmed.

In Appeal No. 25–80 the decision of the Merit Systems Protection Board in the case of *Holder v. Department of the Army*, No. SF531D99006 (September 27, 1979), and the order of the board on November 5, 1980, denying the petition for review, are affirmed.

AFFIRMED.