This case appears before the court on an appeal by petitioner from a final opinion and order of the Merit Systems Protection Board (mspb) entered on April 23, 1981. The mspb had the case on review of a decision of its Dallas Field Office which affirmed the agency action in denying petitioner within-grade salary increases as a civilian employee of the Air Force. Case No. DA531D799006 (September 12, 1980). Respondent had denied the increases on the grounds that petitioner was not performing at an acceptable level of competence. Having reviewed the entire record and all of plaintiffs contentions, it was administratively determined that the action taken against plaintiff was sustained by substantial evidence. The petition for review to the mspb was denied for failing to meet the criteria for review set forth at 5 C.F.R. §1201.115. Upon consideration of the briefs and oral argument, we dismiss the appeal for reasons which follow.
In his appeal to the mspb, petitioner contested the withholding of the increases on the merits as an act of reprisal against him for having appealed previous denials of within-grade increases, and asserted a number of procedural irregularities. A hearing was held. The only witness was petitioner’s immediate supervisor. Petitioner did not rebut the adverse testimony of his supervisor. The initial decision by the hearing officer invoked the preponderance of evidence test to weigh the evidence. This was an erroneous interpretation of the statute which speaks of substantial evidence instead. 5 U.S.C. §7703 (Supp. IV 1980). A remand resulted in a new decision which was negative to petitioner and which he continues to contest. Petitioner also claims that the mspb erred in upholding the presiding officer’s determination not to readjudicate issues finally decided in his first decision, which preceded the remand, with instructions to apply the substantial evidence test in adjudication of petitioner’s claims.
Respondent raises a jurisdictional defense to the appeal. The gist of that defense is that petitioner has not raised a *979 proper claim for monetary relief because he has not relied on any statute or regulation which mandates payment of money to him. It is provided in 5 U.S.C. §5335 (1976) that a within-grade increase will be granted only where the employee’s performance meets "an acceptable level of competence, as determined by the head of the agency.” This is therefore a discretionary function. The statute does not provide any right to recover money damages from the United States nor does it give any authority to the court to exercise the discretion involved or to review the exercise of discretion by the agency head absent a manifest abuse of discretion not present here. Salary determinations, where no enforceable right to money is mandated by law, are plainly beyond the judicial authority we are permitted to exercise under the Tucker Act. 28 U.S.C. §1491 (1976). "There is no entitlement by statute to a monetary claim for failure to win a promotion, reclassification, or pay increase absent violation of some statute or regulation mandating it * * *. Stated another way, discretionary payment of money does not give rise to a claim for money damages against the United States.” Holder v. Department of the Army, 229 Ct. Cl. 417, 422, 670 F.2d 1007, 1010-11 (1982). Lacking jurisdiction to grant plaintiff any relief, we find it unnecessary to reach other contentions raised by the parties.
it is therefore ordered that petitioner’s appeal of the decision of the Merit Systems Protection Board issued on April 23,1981, denying the petition for review, is dismissed.
Petitioner’s motion for reconsideration and/or rehearing was denied August 27,1982.