This civilian pay case comes before the court on the defendant’s motion to dismiss. The plaintiffs are 19 present and former employees of the Immigration and Naturalization Service (ins) who allege that, for varying periods of time dating back to 1957, they were improperly classified as intermittent rather than part-time employees. The plaintiffs seek back pay, additional hours of annual and sick leave, and increased pension benefits. In its motion to dismiss, the Government raises the defenses of lack of jurisdiction, laches, and operation of the six-year statute of limitations for claims accruing prior to February 18, 1975. Because we conclude that this court lacks jurisdiction over the suit, we need not consider the other defenses.
The plaintiffs are all present or former Immigration Inspectors in the Detroit metropolitan area. Although each plaintiff has varying periods of service with the ins, all of the plaintiffs seek retroactive benefits for the period 1957- *870 1977 because of their alleged improper classification as intermittent rather than part-time employees. In June of 1977 the plaintiffs were granted prospective relief when the ins reclassified them as part-time employees. Since then the plaintiffs have attempted to obtain back pay and other benefits through ins grievance procedures, but in December, 1979, the Deputy Regional Commissioner of the ins denied the plaintiffs relief. The plaintiffs then filed suit in this court.
Our jurisdiction over civilian pay claims is limited to cases involving a substantive right enforceable against the United States for money damages. United States v. Testan, 424 U.S. 392 (1976). In Testan, the Supreme Court held that we had no jurisdiction over claims by two federal employees that they were improperly classified at civil service grade GS-13 instead of GS-14. The Court ruled that neither the Classification Act, 5 U.S.C. §§ 5101-5115, nor the Back Pay Act, 5 U.S.C. § 5596, created a substantive right to money damages for an allegedly wrongful civil service classification. 424 U.S. at 403. It pointed out that a "federal employee is entitled to receive only the salary of the position to which he was appointed, even though he may have performed the duties of another position or claims that he should have been placed in a higher grade.” Id. at 406.
Testan governs this case. The plaintiffs have not cited any statutory provision that provides a damages remedy for the alleged improper classification of immigration inspectors as intermittent employees between 1957 and 1977. As we stated recently in Holder v. Department of the Army, 229 Ct.Cl. 417, 422, 670 F.2d 1007, 1010-11 (1982), "There is no entitlement by statute to a monetary claim for failure to win a promotion, reclassification, or pay increase, absent violation of some statute or regulation mandating it, at least since United States v. Testan. ” (citation omitted). See also Smith v. United States, 228 Ct. Cl. 168, 654 F.2d 50 (1981).
The defendant’s motion to dismiss is granted, and the petition is dismissed.