**Donna CARROLL, Petitioner,**

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

**Appeal No. 40–82.**

United States Court of Appeals, Federal Circuit.

April 4, 1983.

William J. Stone, Washington, D.C., argued for petitioner.

Glenn E. Harris, New York City, argued for the United States. With him on the briefs were Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., David M. Cohen, New York City, and Sandra P. Spooner, Washington, D.C.

Before MILLER, Circuit Judge, COWEN, Senior Circuit Judge, and SMITH, Circuit Judge.

COWEN, Senior Circuit Judge.

Petitioner in this case seeks review of the final decision of the Merit Systems Protection Board (MSPB or Board) denying her a within-grade pay increase. We hold that we have jurisdiction to review the Board's decision, and it is affirmed.

### I. *Background*

At all times relevant to this appeal, the petitioner was employed as a benefit authorizer (GS–8) at the Southeastern Program Service Center, Social Security Administration, Birmingham, Alabama (SPSC). She was responsible for adjusting and authorizing the payment of benefits administered by the Social Security Administration, and

was assigned to Module 2, one of the 36 such work units at the SPSC. For the assessment or evaluation of an individual benefit authorizer's work performance, SPSC utilizes an Employee Assessment System by which the employee's supervisor determines the overall accuracy rate for the benefit authorizer. In denying the within-grade pay increase, her agency determined that her performance was not of an acceptable level of competence, because she did not meet the qualitative standards for overall accuracy established for her position.

Periodic within-grade step increases for Federal employees are governed by 5 U.S.C. § 5335, which provides, *inter alia,* that step increases are to be granted only to employees whose work is of an acceptable level of competence, as determined by the head of the employing agency.

Petitioner appealed the agency's decision to the Merit Systems Protection Board (Board), and after a hearing by the Atlanta Field Office, the presiding officer held that the agency had demonstrated, by a preponderance of the evidence, that her performance fell short of an acceptable level of competence. However, he reversed the agency's denial of the increase on the basis of his finding that petitioner had been treated disparately in that other benefit authorizers whose error rates were higher than hers had been granted within-grade increases. Therefore, he concluded that the agency's action had been arbitrarily accomplished. The Board disagreed, and in its final decision, stated that the two benefit authorizers with whom the presiding officer had compared petitioner's performance were not in the same working division or module as the petitioner, and that they had different supervisors. Therefore, the Board decided that the fact that the agency granted increases to other benefit authorizers in other modules did not establish disparate treatment, although the error rates of the employees who received the increases exceeded the petitioner's error rate. In reaching this conclusion, the Board relied on its decision in *Kuhlmann v. Dept. of Health and Human Services,* MSPB Docket No. SL07528010027 (1982).

The Board agreed with the agency's contention that since petitioner's supervisor had denied her promotion on the basis of ample evidence of poor performance, he had not acted arbitrarily. The Board then concluded that since petitioner had not established that there was disparate treatment of the employees in her own work unit, the agency had not committed a prohibited personnel practice within the meaning of 5 U.S.C. § 2302.

By petition filed in the United States Court of Claims on June 10, 1982, petitioner sought review of the Board's decision. The case was thereafter transferred to this court pursuant to the Federal Courts Improvement Act of 1982. The petitioner does not challenge the Board's conclusion that her performance was below the acceptable level of competence within the meaning of 5 U.S.C. § 5335. Instead, she contends that the disparate treatment she received was arbitrary and constituted a prohibited personnel practice.

II. *The Jurisdictional Issue*

At the threshold we are met with the Government's suggestion that we lack jurisdiction and its assertion that the court's only recourse is to transfer the case to the Court of Appeals for the Eleventh Circuit or the District of Columbia Circuit. The Government's position is based upon the decision of the Court of Claims in *Holder v. Department of the Army,* 670 F.2d 1007 (Ct.Cl.1982), that determinations concerning the granting or denying of within-grade step increases pursuant to section 5335 lie within the discretion of the employing agency and consequently are beyond the scope of the Tucker Act (28 U.S.C. § 1491). When counsel for the Government urged us to transfer the case, he was unaware of this court's decision in *Rosano v. Dept. of the Navy,* 699 F.2d 1315 (Fed.Cir.1983), which was handed down after this case was submitted. It appears that he also overlooked the fact that The Federal Courts Improvement Act of 1982 (Pub.L.No. 97–164, 96 Stat. 25 (1982)), not only granted this court exclusive jurisdiction in all appeals from the

Board under 7703(b)(1), but also removed the limitations which the Tucker Act had theretofore imposed upon the Court of Claims. As this court stated in *Rosano,* that Act removed from section 7703 the reference to the Tucker Act which is the basis for the holding in *Holder.* The legislative history of the 1982 Act demonstrates the clear intent of the Congress to confer jurisdiction on this court of all appeals from the Board "including cases in which the Court of Claims did not have jurisdiction." Furthermore, this court pointed out in *Rosano* that "with respect to cases brought under section 7701, the scope of the subject matter jurisdiction of this court is identical to the scope of the jurisdiction of the Board." 5 U.S.C. § 7701 gives the Board jurisdiction over "any action which is appealable to the Board under any law, ruling, or regulation." By the provisions of 5 CFR § 1201.3, a regulation which was in effect at all times pertinent to this action, the Board's appellate jurisdiction includes "(2) denial of within-grade step increases."

Finally, in rejecting the Government's challenge to our jurisdiction, we call attention to the fact that The Federal Courts Improvement Act of 1982 removed all jurisdiction over Board appeals from the other circuits. 5 U.S.C. § 7703.

### III. *Opinion on the Merits*

In addressing the merits of petitioner's claim, we begin with the proposition that in enacting 5 U.S.C. § 5335, governing step increases for employees, Congress intended to grant the agencies a wide degree of discretion in approving or denying such increases. Section 5335 has not been abrogated or modified by the Civil Service Reform Act of 1978. In *Creamer v. United States,* 174 Ct.Cl. 408, *cert. denied,* 385 U.S. 819, 87 S.Ct. 42, 17 L.Ed.2d 57 (1966), the Court of Claims dealt with a situation in which the facts and the legal issues are strikingly similar to those presented here. There the court reviewed the legislative history of section 5335 and explained that Congress chose to provide a discretionary mechanism for agencies to employ in awarding within-grade increases to employees. The court found:

* * * This is indicated, first of all, by the words Congress used—"acceptable" necessarily implies discretion and choice; a judgment of "competence" plainly invokes evaluation, appraisal, and assessment; "as determined by the head of the department" shows that no mechanical or automatic standard was being imposed by this statute, as had been the case under the prior law when a performance-rating of "Satisfactory" was all-sufficient. Next, the legislative history suggests that Congress sought, throughout the 1962 Act, to construct a pay system which provided for "executive discretion to meet individual and special needs, to use pay for motivating employees, and to initiate general adjustments as required." * * * The President's Executive Order * * * implementing the new in-grade provision, told the Civil Service Commission "to insure that *only* those employees whose work is of an acceptable level of competence receive step-increases * * *." All this adds up to a large grant of discretion to the department head and his delegates. * * *

[174 Ct.Cl. at 416–17]

■ It is an established principle of law that where administrative discretion has been so authorized by Congress, the judicial function is exhausted when there is found to be a rational basis for the conclusions of the administrative body. *United States v. Shimer,* 367 U.S. 374, 81 S.Ct. 1554, 6 L.Ed.2d 908 (1961); *Mississippi Valley Barge Line Co. v. United States,* 292 U.S. 282, 286–87, 54 S.Ct. 692, 693–94, 78 L.Ed. 1260 (1934).

■ As previously pointed out, the Board in this instance found that the two benefit authorizers who received the pay increases were not employed in the same module and had different supervisors. It was found by a preponderance of the evidence that petitioner's work was not of "an acceptable level of competence" and since she failed to show that there was disparate treatment in her own module, the Board concluded that the agency had not committed a prohibited

personnel practice. Its holding in this regard was supported by its prior decision in *Kuhlmann, supra,* and we are not persuaded that there was no rational basis for the agency action.

The Board acknowledged that two benefit authorizers, who had lower numerical scores than petitioner's, received within-grade raises. However, they worked in other modules under different supervisors, and it has not been established that the refusal to grant petitioner the increase in issue here was arbitrary or capricious. In a similar factual situation, the court in *Creamer* held, as we hold here, that the agency could "properly consider elements other than the numerical indices." As the court decided in *Creamer,* we think that such factors as the subjective impressions of the supervisors who rated the employees in the other modules provided a rational basis for granting

step increases to such employees. *Creamer, supra,* 174 Ct.Cl. at 419 and n. 9.

After a careful study of the record before us, including the several Board decisions * relied upon by the parties, we conclude that the petitioner has not demonstrated that the "distinctions the Board drew were irrational or baseless." Consequently, we affirm the Board's holding that the agency's denial of a within-grade raise for petitioner was not a prohibited personnel practice within the intent of 5 U.S.C. § 2302.

AFFIRMED.

---

\* The Board decisions relied on by petitioner do not support her position. *Robert Truss v. Dept. of Health, Education, and Welfare,* MSPB No. AT 531D09005 (Dec. 13, 1979) is factually distinguishable, because it was found that the agency did not establish that petitioner's work was not of an acceptable level of competence. *Douglas v. Veterans Administration,* 81 FMSP ¶ 7037 (Apr. 10, 1981) is even less pertinent. It involved employees who were removed for job-related misconduct and appealed on the ground that the penalty imposed by the agency was too severe. Neither the factual nor the legal issues considered by the Board were similar to those presented to the Board in this case.