BENNETT, Circuit Judge.
These consolidated cases[1] are on appeal from the decisions of the United States Claims Court, dated June 6 and August 7, 1984, granting a partial motion to dismiss for lack of subject-matter jurisdiction. Anderson v. United States, 5 Cl.Ct. 573 (1984); Foote v. United States, No. 343-84C (Cl.Ct. August 7, 1984) (unpublished order); Halleran v. United States, No. 392-84C (Cl.Ct. August 7, 1984) (unpublished order). We affirm.
BACKGROUND
The case on appeal consists of five consolidated actions brought under the Back Pay Act, 5 U.S.C. § 5596 (1982), by 56 current and former employees of the Indian Health Service (IHS), an agency of the Department of Health and Human Services. Appellants sought and were denied monetary damages to which they claimed entitlement under statutory provisions for (1) per diem allowances, (2) prevailing rate of wages, (3) annual and sick leave, (4) health benefits, and (5) life insurance benefits. The Claims Court granted the government’s motion for partial dismissal and dismissed claims 3, 4, and 5 on the ground that it lacked subject-matter jurisdiction. These claims are now appealed. The defense of failure to exhaust administrative remedies was mooted by the court’s decision on the ground of jurisdiction. Claims 1 and 2 were held to be premature, as they raised disputed issues of fact not established for consideration in the partial motion to dismiss. They were denied without prejudice, thus rendering the Claims Court decision final and subject to appeal.
Appellants are construction workers in Alaska who from time to time were employed under authority of 42 U.S.C. § 2004a (1982) by the IHS, beginning for some of them in the mid-1970s, for the construction of essential water and sanitary facilities for Indian communities located throughout the state. Their employment is claimed to have required travel from one project to another and long working days. They were paid an hourly wage. The IHS refused to provide the employees with annual and sick leave benefits, 5 U.S.C. §§ 6301-6312 (1982); health benefits, 5 U.S.C. §§ 8901-8913 (1982); and life insurance benefits, 5 U.S.C. §§ 8701-8716 (1982). The government defends denial of the specified benefits on the ground that the employees were “intermittent” and “temporary” employees and, as such, specifically excepted from entitlement. Each employee worked under “temporary intermittent” and/or “term intermittent” appointment during the entire period of em *851 ployment. Appellants do not deny that they are excluded by the relevant statutes cited and by OPM regulations, 5 C.F.R. §§ 831.201(a)(2), 870.202(a)(l)-(3), and 890.-102(c)(l)-(3), if they have been lawfully designated as intermittent or temporary employees. They contend, however, that such a designation is erroneous because of the regularity of their work, the many hours that they work, and because the program under which they are employed is of longstanding. They state that IHS gave many of them back-to-back temporary or term appointments. The Claims Court held that, even if they have been improperly labeled, they still were not entitled to prevail.
THE CLAIMS COURT DECISION
For the limited purpose of evaluating the motion to dismiss, the Claims Court accepted as true the facts alleged by appellants. We assume, therefore, the court agreed that the IHS characterization of the employees as temporary and intermittent was erroneous and inconsistent with statutory entitlement. But, the court held it had no authority to look behind those labels and to award monetary damages for the benefits withheld. Discussing the relevant authorities, the court concluded that the claims depended initially upon whether relevant statutes and regulations “can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.” United States v. Mitchell, 463 U.S. 206, 216-17, 103 S.Ct. 2961, 2968, 77 L.Ed.2d 580 (1983), quoted in Anderson, 5 Cl.Ct. at 578. The court recited the language of the pertinent statutes and regulations which makes it plain that temporary and intermittent employees are excluded from the benefits claimed. There is no dispute about this. The dispute is whether the employees were properly classified and whether the Claims Court, if it felt some other classification was proper, could lawfully establish it. The court held that it clearly lacked this power. 5 Cl.Ct. at 580-81; United States v. Mitchell, 463 U.S. 206, 103 S.Ct. 2961, 77 L.Ed.2d 580; United States v. Testan, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976).
The Claims Court relied also on Bird v. United States, 231 Ct.Cl. 869 (1982). In that case, 19 employees of the Immigration and Naturalization Service sued for back pay, additional pension benefits, and additional hours of annual and sick leave on the ground that they had been improperly classified as “intermittent.” The court granted the government’s motion to dismiss. Citing Testan, the court held that neither the Classification Act nor the Back Pay Act created a substantive right to money damages for wrongful classification and that an employee was only entitled to the benefits of the position to which he was appointed and that there was no judicial authority to appoint, promote, or reclassify, absent a statute or regulation mandating it. In the present case, the court also concluded that there is no such authority and that no statute or regulation can be “fairly interpreted” as expressly or impliedly “mandating compensation” of the nature here claimed by intermittent employees.
THE APPEAL
Recognizing that judicial precedent stands across their path, appellants deny that Testan is applicable to their claims and argue that the trial court simply confused what they seek. They state that this is not a classification case, as in Testan and Bird, but rather that the Claims Court erred by not looking behind their titles to their actual working conditions which would show that their administrative labels were wrong and that, this being the case, the benefits sought are mandated by law. Denying that they seek reclassification, they also state that “[ejach of the employees has been appointed to a position based on his occupation and level of skill, and no employee challenges the propriety of his appointment.” Appellants’ claims are alleged to bear only a “superficial similarity” to Testan and its progeny. If correct in this analysis, appellants would circumvent the Supreme Court’s decision effectively. Bird, which followed Testan, was dismissed as a “rogue opinion,” actually a published order, which was not argued or *852 fully briefed before decision, and should be overturned, since it is citable precedent under the rule announced by South Corp. v. United States, 690 F.2d 1368, 1370 (Fed. Cir.1982). Appellants suggest in their reply brief that, if the court feels constrained to follow Bird, the present appeal should be heard in banc. The proper procedure for such a suggestion is described in Fed. Cir.R. 19 which supplements Fed.R.App.P. 35 and 40. We reaffirm our belief that Bird was correctly decided and that it is dispositive of the claims here since it was based on Testan.
Appellants reject the government’s thesis that as intermittent, temporary employees they held appointive positions entrusted to broad executive agency discretion. According to them, their titles should have been more properly a function of their weekly work schedules and work history. They contend that had the Claims Court examined the facts relating thereto, it would have been forced to conclude that these employees were mislabeled and, as such, erroneously within excepted categories not entitled to the claimed benefits. In other words, appellants state that the Claims Court, by disregarding the merits, failed in its duty.
The Claims Court has not disregarded the thrust of appellants’ arguments, but made it plain that the examination of the facts insisted upon would require reclassification if appellants were to be awarded the economic benefits claimed. A “Rose is a rose is a rose is a rose.”[2] The court said:
But it would be inappropriate for this court to rule that plaintiffs were not properly Classified as “temporary” ... employees and “intermittent” employees, without reclassifying them. And this court clearly lacks the power to reclassify plaintiffs.
Anderson v. United States, 5 Cl.Ct. at 580.
Finally, as to the argument of appellants that the Claims Court should have looked beyond the labels given them to ascertain that they were not barred from the benefits sought because of the true nature of their employment, appellants point to cases which have held that a position description is only one indicia as to whether an employee falls within a statutory definition that entitles him to benefits. See Cole v. Office of Personnel Management, 754 F.2d 984 (Fed.Cir.1985); Bendure v. United States, 695 F.2d 1383 (Fed.Cir.1982); Costner v. United States, 665 F.2d 1016 (Ct.Cl.1981); Ellis v. United States, 610 F.2d 760 (Ct.Cl. 1979); Lemily v. United States, 418 F.2d 1337, 190 Ct.Cl. 57 (1969); Dove v. United States, 161 Ct.Cl. 768 (1963); Wheeler v. United States, 3 Cl.Ct. 686 (1983). However, these decisions involving different statutes, regulations, and issues are inapposite to the present case. We need not belabor this point because these cases speak for themselves. For an employee to obtain the money by judgment, a statute must exist which mandates the payment of money or which, fairly interpreted, implicitly mandates it. The employee cannot judicially be reappointed, promoted, or reclassified in order to be placed within the reach of such a statute. The issue here is not whether appellant employees were properly appointed as temporary or intermittent employees but whether, assuming such designations were erroneous, there is any statute mandating payment of damages as a result of INS’s failure to allow them to participate in the federal employees health benefits and life insurance programs or to accrue and use annual and sick leave. There is no such statute. Only Congress can provide it. Cf. Spagnola v. Stockman, 732 F.2d 908 (Fed.Cir.1984).
Appellants argue that there was no such statute mandating payment of monetary damages in Mitchell, but that she prevailed. However, the court held in Mitchell that the statutes and circumstances fairly implied the payment of money for the damages sustained. We do not find that here. Moreover, that decision, dealing with the government’s management of Indian property, held that under applicable statutes and derivative regulations the United States was bound by a fiduciary *853 duty. United States v. Mitchell, 463 U.S. 206, 103 S.Ct. 2961, 77 L.Ed.2d 580. No such duty is alleged in the instant case.
Appellants’ reply brief, following its discussion of Mitchell, states: “Likewise the Claims Court in the instant proceeding found that ‘the scheme of the regulations’ could fairly be interpreted as mandating monetary compensation for wrongfully withheld benefits. 5 Ct.Cl. at 580.” The full quote from the opinion is as follows:
Plaintiffs correctly perceive that the scheme of the regulations could have been “fairly interpreted as mandating compensation” if plaintiffs had not been impropérly classified as “temporary” or “intermittent” employees. But, plaintiffs are mistaken when they say that they do not have to be expressly reclassified as something other than “temporary” ... or “intermittent” employees in order to secure relief in these cases. The statutes and regulations governing sick and annual leave and health and life insurance benefits impose an affirmative duty to grant all federal employees these benefits, except those workers who are appointed to classifications specifically excluded from receiving them. (Emphasis in original.) (Footnotes omitted.)
Except for the improper use of a partial quotation above, appellants have given us an inspired and certainly well-presented rationale to get around what we believe to be a correct Claims Court decision. They disclaim trying to get a reclassification, an appointment to a new position, or a review of employment decisions committed to agency discretion within the meaning of the Testan case. However, in true effect they do just that, as the Claims Court has pointed out, because to reach their desired result it would be necessary for the court to set aside as erroneous their administrative appointments and position designations as contrary to reality and then to grant benefits to which they are otherwise not entitled. Appellants’ veil of argument is too transparent to conceal a request for judicial reappointment and classification. Therefore, we decline to remand this case to the Claims Court for a decision on the merits, since under the circumstances here, it could not grant relief to appellants.
AFFIRMED.

. In Appeal No. 84-1535 appellants Coffey, Mer-curio, and Smith joined appellant Anderson and 50 others, a total of 54. This appeal is consolidated with that of appellants Foote and Haller-an in Appeal No. 84-1692, for a total of 56.

. Gertrude Stein, Sacred Emily.