**Michael W. ROBINSON, Petitioner,**

v.

**DEPARTMENT OF VETERANS AFFAIRS, Respondent.**

**No. 01–3173.**

United States Court of Appeals, Federal Circuit.

Aug. 10, 2001.

---

Before MAYER, Chief Judge,
NEWMAN, and RADER, Circuit Judges.

PER CURIAM.

Mr. Michael W. Robinson petitions for review of the December 18, 2000, decision of the Merit Systems Protection Board (Board), No. DA–0752–00–0091–I–2, upholding the Department of Veterans Affairs' (agency's) removal of Mr. Robinson from his position. Because Mr. Robinson has not demonstrated that the Board erred in upholding the agency's action, this court *affirms.*

I.

Mr. Robinson worked for seventeen years as a Supply Technician in the Veterans Administration Medical Center in Oklahoma City, Oklahoma. Before the incident resulting in Mr. Robinson's removal, Mr. Robinson's relationship with his supervisor, Mr. Herrera, had deteriorated. On August 27, 1999, Mr. Herrera asked Mr. Robinson to deliver some batteries to a telephone operator. Mr. Robinson refused, informing Mr. Herrera that he was too busy. Mr. Robinson then began cursing at Mr. Herrera and threatened to cut his throat with a scalpel.

On August 30, 1999, the agency informed Mr. Robinson in writing of its proposal to remove him from service. The agency removed Mr. Robinson on October 8, 1999, as a result of his assault on Mr. Herrera. Mr. Robinson appealed his removal to the Board on November 5, 1999, asserting, among other things, that he had not yet been convicted of an assault. The administrative judge dismissed his petition without prejudice until resolution of Mr. Robinson's criminal case.

The State of Oklahoma charged Mr. Robinson with assault and battery with a deadly weapon to which Mr. Robinson pled nolo contendere. On July 17, 2000, the State of Oklahoma sentenced Mr. Robinson to a five year prison term with all but the first three months suspended. Around the same time, Mr. Robinson refiled his petition with the Board. On December 18, 2000, the administrative judge issued an initial decision upholding the agency's removal of Mr. Robinson.

II.

This court has limited review of Board decisions. This court affirms a Board decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Cleland v. Office of Pers. Mgmt.,* 984 F.2d 1193, 1194 (Fed.Cir.1993). This court will not overturn the Board's decision in this appeal as long as there is a

**884**

rational basis for upholding the agency's action. *Carroll v. Dep't of Health and Human Serv.,* 703 F.2d 1388, 1390 (Fed. Cir.1983).

On appeal, Mr. Robinson argues that the Board did not take various mitigating factors into consideration in determining that the agency properly removed him. The administrative judge, however, did consider mitigating circumstances in determining whether the agency's penalty of removal was proper. The administrative judge considered the stress that Mr. Robinson was under and the testimony of Mr. Robinson's third line supervisor, Mr. Sivert, that Mr. Robinson had complained of harassment by Mr. Herrera. The administrative judge further considered Mr. Robinson's seventeen years of service without discipline and the testimony of several witnesses that Mr. Robinson would not have actually cut Mr. Herrera. Because of the seriousness of the charge of assault against Mr. Robinson, however, the administrative judge properly concluded that the penalty of removal was not unreasonable.

Furthermore, this court has held that removal is a reasonable penalty, regardless of mitigating factors, when the person is removed for threatening a co-worker or supervisor with bodily harm. *Meehan v. United States Postal Service,* 718 F.2d 1069, 1075 (Fed.Cir.1983); *Gardner v. United States Postal Service,* 44 M.S.P.R. 565, 569–71 (1990), *aff'd,* 983 F.2d 1087 (Fed.Cir.1992) (Table). The Board, therefore, did not abuse its discretion in upholding the agency's removal of Mr. Robinson.