NOTE: This disposition is non-precedential.

# United States Court of Appeals for the Federal Circuit

---

**PAMELA R. CAHILL,**
*Petitioner,*

v.

**DEPARTMENT OF DEFENSE**
*Respondent.*

---

2010-3101

---

Petition for review of the Merit Systems Protection Board in consolidated case nos. PH315H090360-I-1 and PH0752070430-C-2.

---

Decided: November 9, 2010

---

PAMELA R. CAHILL, Oak Ridge, New Jersey, pro se.

CHRISTOPHER A. BOWEN, Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR., Assistant Director.

---

Before GAJARSA, LINN and MOORE, *Circuit Judges.*

PER CURIAM.

This is an appeal from the final order of the Merit Systems Protection Board ("MSPB" or "Board") denying the petitions for review of the consolidated actions in *Cahill v. Dep't of Def.*, Docket Nos. PH-315H-09-0360-I-1 and PH-0752-07-0430-C-2 (Feb. 4, 2010).

Ms. Cahill filed suit against her most recent employer, the Defense Commissary Agency ("DeCA"), alleging that DeCA improperly removed her. The July 23, 2009 initial decision in case number PH-315H-09-0360-I-1 dismissed the suit, with the Administrative Judge ("AJ") holding the MSPB did not have jurisdiction because Ms. Cahill had not completed one year of employment and could not allege any other basis for jurisdiction.

Ms. Cahill also filed a separate action against her former employer, the Defense Contract Audit Agency ("DCAA"), alleging it breached its settlement agreement ("SA") with Ms. Cahill when a DCAA employee informed a human resources specialist with DeCA that DCAA had removed Ms. Cahill for failure to maintain a security clearance. In its July 21, 2009 initial decision in case number PH-0752-07-0430-C-2, the AJ found that DCAA did not breach the SA and that Ms. Cahill failed to establish that DCAA provided DeCA with her May 31, 2007 Standard Form 50 ("SF-50")[1] indicating that she had been removed from her position.

---

[1]    Standard Forms" are used government-wide for different employment and benefits program services. "Standard Forms" are required to be used by all agencies, while "Optional Forms" are available for use by all agen-

The Board's decision in PH-0752-07-0430-C-2 is *affirmed* because it is supported by substantial evidence, and the dismissal of the PH-315H-09-0360-I-1 decision for lack of jurisdiction is *affirmed* because it is legally correct.

BACKGROUND

In order to understand the history and the interrelationship of these cases, we must provide a procedural background before we can discuss the substance of the present appeal.

*A. Ms. Cahill's Removal from the DCAA and Subsequent Appeal*

Ms. Cahill worked as an Office Automation Assistant with the DCAA, a position classified as non-critical sensitive. On November 7, 2005, Ms. Cahill was randomly selected for a drug test and tested positive for marijuana. On November 16, 2005, DCAA indefinitely terminated her access to sensitive information and also suspended her pending an investigation of the test results.

On July 17, 2006, the Services Consolidated Adjudications Facility, which handled security clearances, determined that Ms. Cahill failed to present any credible evidence challenging the test results and revoked her security clearance. DCAA was advised of this decision on July 31, 2006. The revocation was appealed and denied. DCAA was informed of the denial on April 11, 2007.

Because of her failure to maintain eligibility to access sensitive information and the absence of any positions not requiring security clearance, Ms. Cahill was terminated from the DCAA on May 10, 2007. The removal became final on May 31, 2007. She was issued an SF-50 stating

cies but are not required. SF-50 is the "Notification of Personnel Action" form.

that her removal was for "failure to maintain eligibility to access classified information and/or occupancy of a sensitive position."

Ms. Cahill challenged her termination with the MSPB. She was represented in those proceedings by counsel. She entered into the SA with DCAA to resolve the appeal arising out of her termination. Pursuant to the SA, Ms. Cahill agreed to dismiss her appeal with prejudice and waive any future action against DCAA or its officers. The DCAA agreed to the following:

> In the event a prospective employer of the plaintiff seeks information concerning plaintiff's employment tenure with the DCAA, plaintiff may direct the prospective employer to Mr. Harry Olmo, Human Resources Management Division, the Personnel Department, Mid-Atlantic Region in Philadelphia.
>
> For private sector employers, Mr. Olmo will provide the following information to Appellant's prospective employer: the position she held, the dates of her employment, her salary, that her performance was always at least fully successful, and that she left for personal reasons. For any federal government employers, Mr. Olmo will inquire whether the position requires a security clearance. If it does not, Mr. Olmo will provide the same information as will be given to prospective private sector employers. If a security clearance is required for the position, Mr. Olmo will disclose the nature of Appellant's removal, to include the revocation of her eligibility for access to classified information and/or occupancy of a sensitive position.

Appellee App. 45. The agreement also stated:

Appellant was represented by Frederic H. Pearson, Pearson and Shapiro, Union, New Jersey. Appellant has had a reasonable amount of time to consider the terms of this Agreement. By signing the Agreement, Appellant represents and agrees that she has carefully read and fully understands all of the provisions of this Agreement, including the waivers set out in paragraph 2(b), and she is voluntarily entering into the Agreement and was not coerced by any party or the representative of any party.

Appellee App. 45. Upon the execution of the SA, the AJ dismissed Ms. Cahill's appeal with prejudice on September 25, 2007.

### B. Ms. Cahill's Employment with DeCA and Her Subsequent Removal

On July 7, 2008, Ms. Cahill began working for DeCA as a store associate. Before starting to work with DeCA she was required to complete Optional Form 306 ("OF-306")[2] regarding her past employment and criminal history. On the OF-306 she answered "no" in response to the question: "[d]uring the last 5 years, were you fired from any job for any reason, did you quit after being told you would be fired, did you leave any job by mutual agreement because of specific problems, or were you debarred from Federal employment by the Office of Personnel Management?" On August 17, 2008, DeCA changed Ms. Cahill's status from a temporary employee to a career conditional appointment. The SF-50 informing her of this change noted that conversion to a permanent position would depend upon the receipt of Ms. Cahill's official personnel file ("OPF").

---

[2] OF-306 is the "Declaration for Federal Employment" form.

DeCA obtained her OPF containing the May 31, 2007 SF-50 indicating that contrary to Ms. Cahill's statement, she had been removed from her DCAA position for failure to maintain a security clearance. In addition, Donna Clark, an Employee Relations Specialist with DeCA, contacted DCAA to inquire about Ms. Cahill's previous employment position. The replacement for Mr. Olmo, Anthony Santini, first asked if the position was with the Federal government, and subsequently if it required a security clearance. Ms. Clark confirmed that the position was with the Federal government and required a security clearance. She was advised that Ms. Cahill had been removed for failing to maintain a security clearance, but that her performance was otherwise fully successful.

On January 28, 2009, DeCA issued its notice of proposed removal to Ms. Cahill, citing the contradiction between Ms. Cahill's OF-306 statement and the May 31, 2007 SF-50 in her OPF. DeCA issued its notice of removal and removed Ms. Cahill on March 6, 2009.

### C. Ms. Cahill's First Petition to Enforce the SA

In May or April of 2008, prior to completing the OF-306 form for the DeCA position, Ms. Cahill sought and obtained copies of the records in her OPF. Ms. Cahill then filed a petition to enforce the SA, asserting that the SF-50 should not state that she was removed, but rather that she had resigned.

The AJ denied Ms. Cahill's petition for enforcement, holding that the SA did not require the agency to alter the SF-50. *Sauter[3] v. Dep't of Def.*, M.S.P.B. Docket No. PH-0752-07-0430-C-1 (Sept. 16, 2008). The AJ also denied her request to change her performance appraisals, as this

---

[3]   Ms. Cahill was using the name "Ms. Sauter" at the time.

was not addressed by the SA, and noted that Ms. Cahill had an attorney negotiate the SA with DCAA and the SA stated she had read and understood all the terms.

Ms. Cahill appealed this decision to the full board. The MSPB denied the appeal and found that the AJ had not made any legal error and that there was no new, previously unavailable evidence. Ms. Cahill did not appeal that decision to this court.

### D. Ms. Cahill's Second Petition to Enforce the SA

After DeCA's proposal to remove Ms. Cahill, she filed a second petition to enforce the SA, claiming that DCAA breached the SA by providing the SF-50 to DeCA and by Mr. Santini informing Ms. Clark of her removal. DCAA asserted it had not provided the SF-50 to DeCA, noting that it was contained in her OPF. DCAA also asserted that Mr. Santini's conversation with Ms. Clark complied with the terms of the SA.

The AJ again concluded that DCAA was in compliance with the SA and therefore denied Ms. Cahill's petition for enforcement. *Cahill v. Dep't of Def.*, M.S.P.B. Docket No. PH-0752-07-0430-C-2 (July 21, 2009). The AJ found that DCAA did not breach the SA when Mr. Santini informed Ms. Clark about Ms. Cahill's removal from DCAA, "as this was expressly authorized by the SA." The AJ also concluded that there was no evidence that DCAA had provided DeCA with the SF-50 form, and that the SA "did not require DCAA to purge documents from appellant's OPF or change documents to show that appellant had resigned." Ms. Cahill then appealed to the full board, which consolidated the appeal with that of her termination from DeCA, as described below.

*E.  Ms. Cahill's Appeal of Her Termination from the DeCA*

Ms. Cahill appealed her termination from DeCA to the MSPB.  It is undisputed that Ms. Cahill was a probationary employee and had not completed one year of continuous service when DeCA terminated her.  The AJ held that the Board did not have jurisdiction pursuant to 5 U.S.C. § 7511(a)1(A)i or ii.  *Cahill v. Dep't of Def.*, M.S.P.B. Docket No. PH-315H-09-0360-I-1 (Jul. 23, 2009).  The AJ also held that the record did not show that DeCA had removed Ms. Cahill because of partisan political reasons or her marital status, which would have given the Board jurisdiction under 5 C.F.R. § 315.806(b).  Finally, the AJ held that "nothing in Part 731 [of 5 C.F.R.] or the Federal Register [ ] indicates that the failure of agency to notify OPM [Office of Personnel Management] provides any legal right or remedy to an appellant," and thus the MSPB lacked jurisdiction.  *Id.*  Ms. Cahill appealed the decision to the full board.

The full board denied Ms. Cahill's petitions for review in her consolidated appeal of *Cahill v. Dep't of Def.*, M.S.P.B. Docket No. PH-0752-07-0430-C-2 (Jul. 21, 2009) and *Cahill v. Dep't of Def.*, M.S.P.B. Docket No. PH-315H-09-0360-I-1 (Jul. 23, 2009), making the initial decisions of the AJ final.  Ms. Cahill appealed to this court.

## DISCUSSION

Pursuant to 5 U.S.C. § 7703(c), this court's review of MSPB decisions is limited by statute:

> [T]he court shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be–

> (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law;

(2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence.

5 U.S.C. § 7703(c) (2006). Judicial review of MSPB decisions is limited to a review of the administrative record. *Id.* Our judicial function is exhausted when there is a rational basis for the conclusions reached by the MSPB. *Carroll v. Dep't of Health & Human Servs.*, 703 F.2d 1388, 1390 (Fed. Cir. 1983). "The standard is not what the Court would decide in a *de novo* appraisal, but whether the administrative determination is supported by substantial evidence on the record as a whole." *Parker v. United States Postal Serv.*, 819 F.2d 1113, 1115 (Fed. Cir. 1987).

On appeal, Ms. Cahill first argues that she "was not given opportunity to submit evidence to support the confidential agreement that was breeched [sic]." Appellant's Brief, Form 11. However, as noted by the AJ, parol evidence "will be considered in construing a SA only if the agreement is ambiguous." *Cahill v. Dep't of Def.*, M.S.P.B. Docket No. PH-0752-07-0430-C-2 (Jul. 21, 2009) (citing *United States v. Human Res. Mgmt., Inc.*, 745 F.2d 642, 648 (Fed. Cir. 1984)). Ms. Cahill has failed to identify any ambiguities in the SA. Therefore, the AJ correctly prohibited Ms. Cahill from submitting parol evidence concerning the SA's meaning.

Second, Ms. Cahill contends that the SA required DCAA to change her SF-50 to state that she resigned. Because Ms. Cahill did not appeal the February 6, 2009 final decision of the full MSPB affirming the initial September 16, 2008 decision holding the SA did not require DCAA to alter the SF-50 or any evaluations, this court is

without jurisdiction to address that matter. *See* 5 U.S.C. § 7703 (granting sixty days to appeal a decision of the MSPB).[4]

Ms. Cahill also asserts that the DeCA termination should be "correct[ed]." Appellant's Brief, Form 11. To the extent she is challenging the AJ's July 23, 2009 decision that the Board lacked jurisdiction, Ms. Cahill does not dispute any of the facts relied on by the AJ in making this determination. She does not contest that she had not completed one year of continuous service and that she was not removed for either her marital status or for partisan political reasons. Thus, the AJ's decision is legally correct.

Next, Ms. Cahill claims that the MSPB applied the wrong law because her DeCA position did not require a security clearance. To the extent Ms. Cahill is challenging her dismissal from her position at DeCA, she does not assert that the AJ applied the wrong law regarding its lack of jurisdiction over probationary employees and presents no reason why that jurisdictional decision was incorrect.

Ms. Cahill also argues that the MSPB applied the wrong law because "[e]vidence shows . . . [her] removal was based on prohibited personnel practice described in 5 U.S.C. 2302(b)." Appellant's Brief, Form 11. Ms. Cahill's

---

[4] Even assuming we had jurisdiction to consider Ms. Cahill's claim, we note that the agreement does not mention the word "resignation" nor does it call for the agency to amend documents within Ms. Cahill's OPF; all of Ms. Cahill's assertions with respect to the SA are inconsistent with the plain language of the SA. Thus, the board's decision that DCAA was not required to change her SF-50 or her evaluation is supported by substantial evidence.

argument lacks merit.  First, Ms. Cahill has not specifically alleged or pointed to any evidence in the record of a violation of prohibited personnel practices under that statute.  DeCA's removal of Ms. Cahill was based upon the conflict between her representation that she had never been fired and the statement on her SF-50.  Second, the MSPB does not have jurisdiction over § 2302(b) matters, except in limited situations concerning whistleblowers.  *Saunders v. Merit Sys. Prot. Bd.*, 757 F.2d 1288, 1290 (Fed. Cir. 1985) (citation omitted) ("The board does not have appellate jurisdiction to consider such allegations of prohibited personnel practices.  Section 2302(b) is not an independent source of appellate jurisdiction and does not itself authorize an appeal.").  Therefore, the AJ did not err in not applying 5 U.S.C. § 2302(b) because there was no evidence in the record showing a violation of that statute.  As a result, the issue is not properly before this court. *Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 668 (Fed. Cir. 1998).

Lastly, Ms. Cahill asserts that the Board should have permitted her to submit evidence of her allegations.  This assertion is at odds with the record.  With regard to the appeal of the DeCA removal, the Board gave Ms. Cahill the opportunity to address why her appeal should not be dismissed for lack of jurisdiction.  Ms. Cahill also had ample opportunity to present her case with respect to the DCAA appeal, but chose not to respond to the MSPB's May 29, 2009 acknowledgement order allowing for appellant response to the agency's written submission within ten days.  Not only did the Board permit Ms. Cahill to submit evidence of her allegations, it requested such evidence.  Ms. Cahill's last argument is flawed.

In sum, the AJ applied the correct law in finding the MSPB lacked jurisdiction over Ms. Cahill's appeal of her DeCA removal, and the AJ also correctly held that DCAA

had not breached the SA.  Thus, the Board did not abuse its discretion in denying the petitions for review in the consolidated actions on appeal.  Accordingly, because the Board's February 4, 2010 decision is legally correct, this court affirms the dismissal for lack of jurisdiction for the DeCA removal, and the challenged breach of the SA is affirmed because it is supported by substantial evidence.

COSTS

No Costs.