NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**GLENDA CHRISTINA SKINNER,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

_____

2020-1312

_____

Petition for review of the Merit Systems Protection Board in No. AT-1221-18-0632-W-1.

_____

Decided: July 7, 2020

_____

GLENDA CHRISTINA SKINNER, Keystone Heights, FL, pro se.

BRYAN MICHAEL BYRD, Commercial Litigation Branch, Civil Division,  United States Department of Justice, Washington, DC, for respondent.  Also represented by JOSEPH H. HUNT, ALLISON KIDD-MILLER, ROBERT EDWARD KIRSCHMAN, JR.; HEATHER BLACKMON, Office of General Counsel, United States Department of Veterans Affairs, Tampa, FL.

_____

Before LOURIE, SCHALL, and DYK, *Circuit Judges.*

PER CURIAM.

Glenda Christina Skinner appeals from the decision of the Merit Systems Protection Board ("the Board") in *Skinner v. Dept. of Veterans Affairs*, No. AT-1221-18-0632-W-1 (Sept. 23, 2019), denying her request for corrective action for alleged whistleblower reprisal. App. 4–22. For the following reasons, we *affirm*.

## BACKGROUND

Skinner was formerly employed as a GS-07 Supervisory Health Technician with the United States Department of Veterans Affairs ("the VA" or "the agency") North Florida/South Georgia Veterans Health System in Gainesville, Florida. Effective September 2017, Skinner accepted the VA's offer to reassign her to the position of a GS-06 Practical Nurse. She subsequently filed a complaint with the Office of Special Counsel ("OSC") alleging that the VA engaged in whistleblower reprisal after she made protected disclosures. On June 12, 2018, OSC took no action and closed its file and notified Skinner of her right to file an individual right of action ("IRA") appeal at the Board.

Skinner filed an IRA appeal on July 26, 2018 under the provisions of the Whistleblower Protection Act of 1989 ("WPA") and the Whistleblower Protection Enhancement Act of 2012 ("WPEA"). She alleged that she engaged in a number of protected activities and was subjected to a number of alleged personnel actions. On September 23, 2019, the Board's Administrative Judge ("AJ") issued an initial decision denying Skinner's request for corrective action.

The AJ found that Skinner met the requirement to exhaust her administrative remedies with respect to three alleged whistleblowing activities: (1) disclosures in 2015 regarding a technician who allegedly sabotaged specimens and wrote orders without a doctor's permission;

(2) participation in an agency administrative investigation board; and (3) a November 2015 email (copying the Secretary of the VA) about the phlebotomy lab being short-staffed. App. 8–9. The AJ also found that Skinner exhausted her administrative remedies with respect to five alleged personnel actions taken against her: (1) a proposed 10-day suspension; (2) non-selection for a GS-09 Patient Representative position; (3) a failure to provide training; (4) a constructive demotion; and (5) a hostile work environment. App. 9.

The AJ next considered whether each of Skinner's activities constituted a protected whistleblower activity under the statute. Following Board precedent, the AJ rejected Skinner's claim that participating in an administrative investigation board is activity protected under the WPA. *Id.* (citing *Graves v. Dep't of Veterans Affairs*, 123 M.S.P.R. 434 (2016)). The AJ also found that Skinner's November 2015 email about staffing in the phlebotomy lab was not a protected disclosure under the WPA because there was no evidence that she made that disclosure with the reasonable belief that it evidenced a violation of law, an abuse of authority, or a gross waste of funds. *See* App. 9–13; *see also* 5 U.S.C. § 2302(a)(2)(D). However, the AJ found that Skinner made a protected disclosure under the WPA regarding the technician who sabotaged specimens and wrote orders. App. 13–14.

The AJ then considered whether Skinner's protected disclosure was a contributing factor to a personnel action taken by the agency. The AJ found that the denial of training was not a personnel action because there was no evidence that such training was reasonably expected to lead to an appointment, promotion, performance evaluation, or other personnel action. App. 14–15 (citing 5 U.S.C. § 2302(a)(2)(A)(ix)). The AJ also found that Skinner's protected disclosure was not a contributing factor in either her non-selection for the GS-09 position or her proposed 10-day suspension because there was no evidence that the people

involved in those decisions had knowledge of Skinner's disclosure.

Finally, the AJ considered Skinner's allegations that the VA subjected her to a hostile work environment that compelled her to accept a demotion.[1]  The AJ found that Skinner's unpleasant working conditions were not due to the actions of the agency, but rather to the actions of the president of the local chapter of the American Federation of Government Employees union as well as Skinner's own inexperience and failure to understand the relationship between unions and agency management.  App. 19.  The AJ noted that the agency attempted to take action on Skinner's behalf by directly contacting the union president about her intimidating and harassing behavior and by filing an unfair labor practice charge against the union president with the Federal Labor Relations Authority.  App. 18.  Ultimately, however, the AJ found that the union president was afforded significant insulation from management discipline and that the agency was justified in ordering Skinner to stop posting petitions for the removal of the union president because the petitions could be viewed as violations of the Federal Service Labor-Management Relations Statute.  App. 18–19.  As for Skinner's other allegations of a hostile work environment, including that she was assigned tasks that it was impossible for her to complete, the AJ found that her assertions constituted "the type of dissatisfaction with work assignments that the Board has found to be generally not so intolerable as to compel a reasonable person to resign."  App. 19.

Based on his findings, the AJ concluded that Skinner failed    to    prove    that    she    engaged    in    protected

---

[1]    Skinner is no longer contesting her downgrade in position in this appeal.  *See* Appellant Memorandum in lieu of Oral Argument at 1, ECF No. 24.  We thus restrict our analysis to the hostile work environment charge alone.

whistleblowing activity that was a contributing factor in a personnel action. App. 20. The AJ thus denied Skinner's request for corrective action. The AJ's decision became the final decision of the Board on October 28, 2019. Skinner appealed directly to this court, and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of a decision by the Board is limited. Pursuant to 5 U.S.C. § 7703(c), a Board decision must be affirmed unless it is found to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. *Hayes v. Navy*, 727 F.2d 1535, 1537 (Fed. Cir. 1984). The Board's decision must be sustained when a rational basis exists for its conclusions. *Carroll v. Dep't of Health & Human Servs.*, 703 F.2d 1388, 1390 (Fed. Cir. 1983).

On appeal, Skinner mainly asks us to reconsider the voluminous record of evidence that the AJ already considered. For example, Skinner repeatedly argues that the AJ "dismissed" or "ignored" evidence, but the Board's decision reflects the opposite. The AJ considered all of the evidence and, in fact, recognized the difficult circumstances Skinner faced, including that she "was the subject of verbal and written abuse by the president of the union." App. 17. However, the AJ correctly applied the law by considering, not merely whether Skinner has legitimate grievances, but whether those grievances amount to whistleblower reprisal by the agency in violation of the WPA. The AJ concluded that Skinner failed to prove by a preponderance of the evidence that she made a protected disclosure that was a contributing factor in a personnel action. *See Ellison v. Merit Sys. Prot. Bd.*, 7 F.3d 1031, 1034 (Fed. Cir. 1993). Because the AJ's conclusion is supported by substantial relevant

evidence and a rational basis, we have no reason to overturn it.

Skinner also misconstrues the AJ's decision as well as the extent to which agency management is allowed to intervene in the activities of a union official. For example, Skinner contends that the AJ incorrectly found that the agency was not responsible for the hostile work environment because it was created by the union president. *See* Appellant Br. 18–19 (citing case law from other circuits regarding employer liability for tolerating a hostile work environment); Appellant Memorandum in lieu of Oral Argument at 4. But the AJ found that the agency did not simply tolerate a hostile work environment; rather, it attempted to take action on Skinner's behalf to resolve the issues she was having with the union president. App. 18. Moreover, the AJ found that any further intervention by the agency into the activities of the union president could have potentially subjected the agency to liability for an unfair labor practice. *Id.* (citing 5 U.S.C. § 7116(a)(1)). Thus, we find no error in the AJ's decision that the evidence regarding a hostile work environment did not support Skinner's claim of whistleblower reprisal by the agency.

Skinner's procedural arguments regarding discovery motions, hearing continuances, and evidentiary issues are also unavailing. "Procedural matters relative to discovery and evidentiary issues fall within the sound discretion of the board and its officials." *Curtin v. Office of Pers. Mgmt.*, 846 F.2d 1373, 1378 (Fed. Cir. 1988). Although Skinner asserts that the Board's procedural decisions were incorrect for a variety of reasons, she provides no evidence from which we can conclude that the AJ abused his discretion.

Finally, Skinner's attempt to shift the burden to the agency is incorrect under the law. *See* Appellant Br. 10 (arguing that the agency "did not prove by clear and convincing evidence that Ms. Skinner did not engage in protected disclosure and that the disclosure did not result in

reprisal."); *see also id.* ("The agency must also prove by clear and convincing evidence that they did not retaliate against Ms. Skinner for her protective disclosures."). The burden rested with Skinner to prove by a preponderance of the evidence that she made a protected disclosure as defined in 5 U.S.C. § 2302(b)(8), and that the protected disclosure was a contributing factor to an adverse personnel action. *See Ellison*, 7 F.3d at 1034. Unless and until Skinner met her burden, the agency had no obligation to prove anything. *Id.* We thus find no legal error by the AJ.

## CONCLUSION

We have considered Skinner's remaining arguments, but we find them unpersuasive. Thus, the decision of the Board is *affirmed*.

## AFFIRMED

## COSTS

No costs.