Timothy J. WRIGHT et al.

v.

## U. S. CIVIL SERVICE COMMISSION et al.

### No. IP 76–494–C.

United States District Court,
S. D. Indiana,
Indianapolis Division.

Jan. 17, 1978.

Michael E. Smith and Alexandra J. Caputi, Indianapolis, Ind., for plaintiffs.

Joseph R. Reeder, Captain, JAGC, Washington, D. C., and Asst. U. S. Atty. George E. Palmer, Indianapolis, Ind., for defendants.

---

## ORDER

STECKLER, Chief Judge.

This matter came before the Court on defendants' motion for summary judgment. The issues raised by the instant motion have been fully briefed by the parties and were argued by the parties in open court in conjunction with a hearing on plaintiffs' motion to maintain this action as a class action held on April 5, 1977. At that hearing the Court ruled that it would hold any ruling on the class action certification question in abeyance. For the reasons hereinafter stated, the Court has concluded that the motion for summary judgment should be granted. The plaintiffs' class action certification motion is therefore moot.

This action is an appeal by four National Guard flight instructors of their classifications. Jurisdiction is predicated upon 5 U.S.C. §§ 701–706 and 28 U.S.C. §§ 1361, 1346(a)(2). Plaintiffs hold the positions of Aircraft Flight Instructors for the Indiana Army National Guard and are classified at level GS–2181–12; they contend that they should properly be classified at level GS–2181–13. Plaintiffs hold their positions pursuant to the National Guard Technicians Act of 1968, 32 U.S.C. § 709.

In June 1974 plaintiffs submitted classification appeals to the Adjutant General of Indiana, the person designated by the National Guard Technicians Act as having responsibility for the employment of National Guard technicians for this state. In accordance with the administrative procedures outlined in Technician Personnel Pamphlet 904, the Adjutant General forwarded the classification appeal to the National Guard Bureau. The Bureau's Office of Technician Personnel denied the appeal on August 29, 1974, finding that the major duties common to the flight instructor positions in question were grade determining and that level GS–12 most accurately and equitably accounted for plaintiffs' assignments. The decision was based upon an evaluation of the 2181 position series conducted in February 1974. After being informed of that determination and their right to an administrative appeal, plaintiffs appealed the decision to the defendant United States Civil Service Commission on September 18, 1974. One year later, on September 18, 1975, the Commission affirmed the Bureau's determination and denied the reclassification.

This action was then filed on August 31, 1976. The complaint alleged that the failure of the defendants National Guard Bureau and Civil Service Commission to reclassify plaintiffs was arbitrary, capricious, and opposed to, and not supported by, substantial evidence. Defendants then moved, on February 14, 1977, to dismiss the action for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1), or for summary judgment, Fed.R.Civ.P. 56. In the same motion defendants alternatively moved to deny class certification, Fed.R.Civ.P. 23(c). The record of the proceedings in the administrative agencies was submitted with the motion for summary judgment.

The Court rejects defendants' argument that the matter of technician reclassifications is a nonreviewable command decision, *see Orloff v. Willoughby*, 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1953); *Gilligan v. Morgan*, 413 U.S. 1, 93 S.Ct. 2440, 37 L.Ed.2d 407 (1973), and finds that it has jurisdiction over this cause under 28 U.S.C. § 1331. Although the classification decisions are reviewable in the district court, the scope of such review is narrow and is framed by the decision of our Seventh Circuit in *Wroblaski v. Hampton*, 528 F.2d 852 (7th Cir. 1976). In *Wroblaski*, the Court of Appeals stated that the proper scope of judicial review of decisions of the Civil Service Commission "is narrow, limited to en-

suring that the required procedures have been followed and that the action was not arbitrary or capricious." 528 F.2d at 853. That test "does not require that the agency's decision be supported by 'substantial evidence,' but only that it have a rational basis." *Id., citing Wood v. United States Post Office Department*, 472 F.2d 96, 99 n. 3 (7th Cir.), *cert. denied*, 412 U.S. 939, 93 S.Ct. 2775, 37 L.Ed.2d 399 (1973).

■ Given that standard, the Court has examined the record of the administrative proceedings in this cause. Plaintiffs' various contentions regarding advanced instrument instruction, nap-of-the-earth training, and test flights were addressed by the agencies. Plaintiffs' evidence was considered and the proper administrative procedures were adhered to by the agencies. Evidence submitted on behalf of the decision not to reclassify was considered and accepted by the administrative bodies. Thus, the Court finds and concludes that the decision not to reclassify was not arbitrary or capricious. The Court further finds and concludes that the evidentiary material in the record of the proceedings in the agencies is sufficient to provide a rational basis for the decision the agencies reached. Under the legal standard established by *Wroblaski* and the general provisions in Fed.R.Civ.P. 56(c), those findings and conclusions are sufficient to warrant the entry of summary judgment for defendants.

This Court having considered defendants' motion for summary judgment, the briefs in support thereof and in opposition thereto, the arguments of the parties in open court, the record of the administrative proceedings, and being duly advised in the premises, concludes that said motion should be, and it is, hereby GRANTED.

IT IS SO ORDERED this 17th day of January, 1978.