Phillip R. SIEGAL, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 95–726C.

United States Court of Federal Claims.

May 14, 1997.

William E. Tagupa, Honolulu, HI, for plaintiff.

Hillary Stern, with whom were Assistant Attorney General Frank W. Hunger, David M. Cohen, Director, and Richard E. Rice, Assistant Director, Department of Justice, Washington, DC, for defendant.

## OPINION

ROBINSON, Judge:

This civilian pay action is before the court on defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiff, Phillip Ronald Siegal, seeks retroactive reclassification of his position to a higher grade and related emoluments. Defendant's motion to dismiss was filed on March 11, 1996. Plaintiff filed his response in opposition to defendant's motion accompanied by plaintiff's motion to transfer on March 15, 1996, to which defendant filed no reply. Oral arguments were heard on February 4, 1997, in the National Courts Building, Washington, D.C. For the reasons set forth below, defendant's motion to dismiss is hereby granted and plaintiff's motion to transfer pursuant to 28 U.S.C. § 1631 is hereby denied.

### Background

Plaintiff has been employed as a civilian at a service center of the Navy Exchange in Pearl Harbor, Hawaii, which is a component of the Navy Exchange Service Command, a nonappropriated fund instrumentality of the U.S. Department of the Navy ("Navy"). Plaintiff's employment has been pursuant to appointment rather than contract. On May 4, 1989, plaintiff submitted a formal request for position reclassification seeking to have his position upgraded. On March 19, 1993, the Navy denied his request, whereupon plaintiff filed suit in this court on November 3, 1995.

### Contentions of the Parties

Plaintiff claims this court has jurisdiction over his claims under the Tucker Act, 28 U.S.C. § 1491, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.* To the extent a further jurisdictional predicate is necessary, plaintiff asserts that two Navy regulations, NAVRESSOINST 12770.1B and SECNAVINST 5300.22c, confer a basis for jurisdiction. Plaintiff also contends that the nonappropriated funds doctrine is of no moment in the case at bar. If the court concludes, however, that it lacks jurisdiction over the subject matter of these claims, plaintiff urges the court to transfer this case to the United States District Court for the District of Hawaii pursuant to 28 U.S.C. § 1631.

Defendant challenges the jurisdiction of this court because there is no money-mandating statute or regulation creating a substantive right of recovery against the United States for money damages. Defendant argues that this court has no jurisdiction to review a claim based upon an allegedly wrongful service classification. Defendant also disputes plaintiff's attempted use of NAVRESSOINST 12770.1B and SECNAVINST 5300.22c to bestow jurisdiction on this court, as these regulations govern only Navy position classification review and appeals procedures. Further, defendant contends that plaintiff cannot establish jurisdiction since his employment by the Navy Exchange flows from a nonappropriated funds instrumentality, whereas this court's jurisdiction to award judgment pursuant to the Tucker Act is confined to appropriated funds. Finally, defendant challenges the propriety of transferring this case to a district court venue.

## DISCUSSION

■ Under the rules of this court, evaluation of a motion to dismiss for lack of jurisdiction is usually limited to the pleadings, and the unchallenged facts alleged in the complaint are deemed to be true and construed in the light most favorable to the plaintiff. RCFC 12(b)(1); *Cincinnati Elecs. Corp. v. United States*, 32 Fed. Cl. 496, 500 (1994); *see also Cupey Bajo Nursing Home, Inc. v. United States*, 23 Cl.Ct. 406, 411 (1991). Despite these presumptions, however, plaintiff bears the ultimate burden of establishing the court's jurisdiction over his claims. *Metzger, Shadyac & Schwartz v. United States*, 10 Cl.Ct. 107, 109 (1986).

### I. *Jurisdiction*

■ The jurisdiction of this court to entertain claims against the government and grant relief is limited by the extent to which the United States has unequivocally waived its sovereign immunity. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976); *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769–70, 85 L.Ed. 1058 (1941); *Dynalectron Corp. v. United States*, 4 Cl.Ct. 424, 428 (1984). Consent to sue is premised on the Tucker Act, 28 U.S.C. § 1491, which provides that an action may be maintained in this court if and only if it is "founded either upon the Constitution or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." *Id.* § 1491(a)(1). This provision, however, creates no substantive right of recovery, and unless there is a contract between the parties, jurisdiction exists only when predicated upon another money-mandating provision, whether statutory or regulatory, the violation of which gives rise to a claim for monies due or owing. *Testan*, 424 U.S. at 398, 96 S.Ct. at 953; *United States v. Connolly*, 716 F.2d 882, 885 (Fed.Cir.1983) (*en banc*). When a statute or regulation "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained," a plaintiff may be entitled to monetary relief. *Testan*, 424 U.S. at 400, 96 S.Ct. at 954.

### A. *Money-mandating Statute*

■ In the case at bar, there is no money-mandating statute or regulation. Rather, plaintiff asserts jurisdiction based "upon the grounds that the agency's final decision [denying his request for reclassification] was arbitrary, capricious or otherwise not supported by substantial evidence and unwarranted by the facts of record." *Pl's Compl.* ¶ 6. In *United States v. Testan*, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976), the Supreme Court held that this court's predecessor lacked jurisdiction to entertain the lawsuit of two former federal employees where those plaintiffs claimed that they were improperly classified in the incorrect civil service grade. *Id.* at 403, 96 S.Ct. at 955–56. The Court concluded that there was no substantive right of recovery for an allegedly wrongful civil service classification. *Id.* A "federal employee is entitled to receive only the salary of the position to which he was appointed, even though he may have performed the duties of another position or claims that he should have been placed in a higher grade." *Id.* at 406, 96 S.Ct. at 957. *Accord Bird, et al. v. United States*, 231 Ct.Cl. 869, 870 (1982). *Testan* controls. While plaintiff claims entitlement to damages for being wrongfully denied upgraded classification of his position, he admits that he never actually held such an appointment to a higher grade position. Thus, even if plaintiff could prove that he was wrongfully denied a higher classification, this alone would be insufficient to establish jurisdiction in this court. Indeed, plaintiff has failed to cite any proper legal authority that provides for the damages he seeks.

### B. *Navy Regulations*

■ The two Navy classification and appeals procedure regulations, NAVRESSOINST 12770.1B and SECNAVINST 5300.22c, cited by plaintiff are simply not availing. Nowhere does either regulation contain any language mandating the payment of money damages for denial of upgraded classification. NAVRESSOINST 12770.1B

provides, "In the case of a decision which *corrects a downgrading* or loss of payment *retroactively,* supplemental salary payments and correction of records will be required." NAVRESSOINST 12770. 1B(B)(2)(c) (emphasis added). Moreover, SECNAVINST 5300.22c contains an insufficient provision addressing the review and appeal of classification decisions, not one that can reasonably be interpreted as money-mandating. SECNAVINST 5300.22c only provides for job-grading review and appeals procedures "when a classification action results in *a change to a lower grade* or *loss in pay,*" though it states no remedy, monetary or otherwise, therefor. SECNAVINST 5300.22c(III)(4)(b). Nevertheless, plaintiff insists that the jurisdictional predicate can be found in these Navy regulations.

Plaintiff's interpretation of these Navy regulations is gravely mistaken. In order to be eligible for salary recovery and correction of records, NAVRESSOINST 12770.1B(c) clearly requires that: (1) there have been an actual downgrade (or loss of payment) rather than merely a denial of classification upgrade; (2) a decision upon administrative review that such downgrading was incorrect; and (3) retroactive correction of said downgrade by the decision upon administrative review. Even when viewing all the facts in the light most favorable to plaintiff, Mr. Siegal clearly cannot rely on this or any other similarly deficient regulation as a basis for jurisdiction. Further, plaintiff's citation of *Hamlet v. United States,* 63 F.3d 1097, 1105 (Fed.Cir.1995), is similarly misguided for that case assumes that the plaintiff has relied on a relevant regulatory provision, which NAVRESSOINST 12770.1B(c) and SECNAVINST 5300.22c are not. "There is no entitlement to a monetary claim for failure to win a promotion, reclassification, or pay increase, absent violation of some statute or regulation mandating it, at least since *United States v. Testan.*" *Holder v. Department of the Army,* 229 Ct.Cl. 417, 422, 670 F.2d 1007 (1982); *see also Smith v. United States,* 228 Ct.Cl. 168, 170–72, 654 F.2d 50 (1981). Thus, NAVRESSOINST 12770.1B and SECNA-

VINST 5300.22c provide an inadequate basis for jurisdiction.

## C. The Administrative Procedure Act

■ In his complaint and opposition, plaintiff also attempts to invoke[1] the APA to establish jurisdiction. It is well-settled, however, that this court lacks jurisdiction to consider causes of action predicated upon the APA:

> In order, therefore, to invoke the jurisdiction of the Claims Court on the basis of an alleged statutory or regulatory violation, the plaintiff must rely on a statutory or regulatory provision mandating that compensation be paid by the United States for the damage sustained.... The plaintiff's attempt to obtain review under the APA is deficient in that this statutory provision does not mandate the payment of money damages by the Government to plaintiff.

*Ashgar v. United States,* 23 Cl.Ct. 226, 230 (1991) (citation omitted); *see also Califano v. Sanders,* 430 U.S. 99, 105–07, 97 S.Ct. 980, 984–85, 51 L.Ed.2d 192 (1977) (stating that the APA is not an independent basis for jurisdiction); *Heagy v. United States,* 12 Cl. Ct. 694, 697–98 (1987). Accordingly, plaintiff's reliance on the APA to establish the jurisdiction of this court is without merit.

## D. The Nonappropriated Funds Doctrine

■ The court notes that, in the alternative, the nonappropriated funds doctrine would also deprive this court of jurisdiction over plaintiff's claims. The doctrine states that this court lacks jurisdiction where the enabling legislation makes it clear that appropriated funds will not be made available to support the program authorized by such legislation. *United States v. General Elec. Corp.,* 727 F.2d 1567, 1570 (Fed.Cir.1984); *Aaron v. United States,* 27 Fed. Cl. 295, 297–98 (1992). Plaintiff has failed to meet his burden of establishing jurisdiction over this case. Neither in his brief nor during oral argument did he introduce any evidence that

1. The court assumes that plaintiff intended to invoke Tucker Act and APA jurisdiction, even though incorrect sections of the U.S.C. were re-

peatedly miscited for both statutory provisions in plaintiff's brief.

the funds in question are appropriated funds. Rather, plaintiff's counsel conceded, "I am unable to make such a showing." *Transcript (February 4, 1997)* at 15.[2] In fact, it is well-settled that military exchanges are nonappropriated fund instrumentalities. *Army & Air Force Exchange v. Sheehan,* 456 U.S. 728, 730 n. 1, 734, 102 S.Ct. 2118, 2119–20 n. 1, 2122, 72 L.Ed.2d 520 (1982); *United States v. Hopkins,* 427 U.S. 123, 127, 96 S.Ct. 2508, 2511, 49 L.Ed.2d 361 (1976). Accordingly, the nonappropriated funds doctrine affords an alternative basis on which to deny jurisdiction.

## II. *Transfer*

 Finally, plaintiff moves this court to transfer the case to the U.S. District Court for the District of Hawaii pursuant to 28 U.S.C. § 1631.[3] Citing two cases, which set forth the standard for transfer, plaintiff claims that if he cannot establish jurisdiction in the U.S. Court of Federal Claims, transfer is appropriate given the district courts' authority to award equitable relief in the absence of a money-mandating statute. Transfer rests within the sound discretion of the transferor court and is reversible only if it is "clearly erroneous and would work a manifest injustice." *Lee v. United States,* 33 Fed. Cl. 374, 380 (1995); *Froudi v. United States,* 22 Cl.Ct. 290, 298–99 (1991); *see also Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988). Whether transfer would be in the interests of justice "turns on the peculiar facts and circumstances of each case." *Bienville v. United States,* 14 Cl.Ct. 440, 445 (1988). To the extent jurisdiction might be established in U.S. District Court, it would be pursuant to the "Little Tucker Act," by which this court and the district court have concurrent jurisdiction over claims against the United States limited to $10,000. 28 U.S.C. § 1346(a)(2)[4]; *Crocker v. United States,* 37 Fed. Cl. 191, 200 (1997). When asked by the court whether plaintiff was suing for more than $10,000, plaintiff's counsel indicated:

> Well, actually that was the reason we brought it in the [Court of Federal Claims] because we weren't too sure exactly what would be a forthright amount to claim given the ongoing accumulation of such a claim should it be verified.... And that being the case, I under the rules would not be able to say with certainty that the total claim would come under $10,000 so as to bring it in Hawaii....

*Transcript (February 4, 1997)* at 20. Upon hearing this, the court counseled plaintiff to discuss with defendant the possibility of stipulating to a voluntary dismissal and transfer and to file a joint proposed schedule for further proceedings apprising the court within 30 days of the likelihood of these possibilities. No such filing was ever made. Moreover, the court feels that even if plaintiff's claim were limited to the district court's jurisdictional cap, transfer would nevertheless be futile given the weakness of plaintiff's case on the merits under the Tucker Act or Little Tucker Act, as discussed above. *See*

---

2. Plaintiff's counsel apparently did not understand the nature of plaintiff's burden of proof with respect to this issue. He argued that "[t]here is nothing of record that indicates that appropriated funds are barred from use by the [Navy Exchange]." *Pl.'s Opp'n* at 3. To the contrary, defendant offered ample authority to show that military exchanges are nonappropriated fund instrumentalities, plaintiff's argument in the negative is the result of his own failure to introduce any support for his jurisdictional claims. Not only does this argument improperly attempt to shift the burden of proof, it also is defeated by binding legal precedent.

3. 28 U.S.C. § 1631 provides in relevant part:

Whenever a civil action is filed in a court ... and that court finds that there is want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed....

4. 28 U.S.C. § 1346 provides in relevant part:

(a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:

. . . . .

(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States....

28 U.S.C. § 1346(a)(2).

*McAuliffe v. Rice,* 966 F.2d 979, 980–81 (5th Cir.1992) (holding that the suit of a nonappropriated fund employee was precluded from judicial review under the APA by the Civil Service Reform Act ("CSRA") and by *United States v. Fausto*); *United States v. Fausto,* 484 U.S. 439, 452–55, 108 S.Ct. 668, 676–78, 98 L.Ed.2d 830 (1988) (foreclosing judicial review under the Tucker Act and Back Pay Act of, and providing the CSRA as the exclusive remedy for lawsuits by certain federal employees who challenge allegedly prohibited personnel practices). The court concludes that transfer would not be in the interests of justice and, accordingly, denies plaintiff's motion to transfer.

### CONCLUSION

After careful consideration of the oral arguments, briefs, exhibits, and the applicable law, the court GRANTS defendant's RCFC 12(b)(1) motion and directs the Clerk of the court to dismiss plaintiff's complaint for lack of jurisdiction. Plaintiff's motion to transfer pursuant to 28 U.S.C. § 1631 is DENIED. No costs.

**IT IS SO ORDERED.**