**Gary D. FAULKNER, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 98–19 C.

United States Court of Federal Claims.

Feb. 25, 1999.

Robert Francis Hunt, Terre Haute, Indiana, for plaintiff.

Luke Paul Levasseur, with whom were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and James M. Kinsella, Assistant Director, Department

of Justice, Washington, D.C., for defendant. Major Steven J. Ehlenbeck, Air Force Legal Services Agency, Arlington, Virginia, of counsel.

### OPINION

HEWITT, Judge.

Plaintiff, Gary D. Faulkner, a Lieutenant Colonel in the Indiana Air National Guard ("ANG"), a 28 year commission service veteran and a civil service technician, sought a waiver from regulations requiring mandatory separation because of his length of service. The waiver was denied. Mr. Faulkner was separated from both the ANG and his civilian position on July 27, 1996. He then sued in the United States District Court for the Southern District of Indiana ("District Court") seeking review of the denial, reinstatement to his ANG and civilian positions, and back pay and other monetary relief. The District Court concluded that it lacked jurisdiction to hear Mr. Faulkner's complaint and ordered the case transferred to this court. See 28 U.S.C. § 1631.

Mr. Faulkner filed a new complaint against the United States ("government") in this court. The government moved to dismiss for lack of subject matter jurisdiction. In response to the government's motion, Mr. Faulkner filed a Response ("Pl.'s Resp.") and a Motion for Leave to File an Amended Complaint. In his response, Mr. Faulkner conceded that this court lacks subject matter jurisdiction over his claim but requested that the court deny the government's motion to dismiss, allow the amendment to the complaint, and transfer the amended claim back to the District Court. Pl.'s Resp. at pp. 1–2. For the following reasons, the government's motion to dismiss is GRANTED. Because of the particular circumstances of this case, the court also declines Mr. Faulkner's request to return the case to the District Court.

### A. Subject Matter Jurisdiction

■ Plaintiff's concession that this court lacks jurisdiction is correct. In his complaint, plaintiff has cited 28 U.S.C. § 1331 and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706, as the jurisdictional bases for his claim. Title 28, United States Code, § 1331 is the federal question statute. That statute sets forth the "original jurisdiction" of the district courts in "all civil actions arising under the Constitution, laws or treaties of the United States." The Court of Federal Claims does not have federal question jurisdiction under 28 U.S.C. § 1331. *Crocker v. United States*, 125 F.3d 1475, 1476 (Fed.Cir.1997); *Hernandez v. United States*, 38 Fed.Cl. 532, 537 (1997).

■ Nor does the APA provide a jurisdictional basis for Mr. Faulkner's claim. *Crocker*, 125 F.3d at 1476. The APA entitles a person who is aggrieved by the action of a federal agency to bring suit against the United States in federal district court "seeking relief other than money damages." 5 U.S.C. § 702. This court's jurisdiction, in pertinent part, is limited to claims for monetary compensation. *See United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Hence, the APA may not form the basis for jurisdiction in the Court of Federal Claims. *See James v. Caldera*, 159 F.3d 573, 578 (Fed.Cir.1998); *Brazos Electric Power Cooperative, Inc. v. United States*, 144 F.3d 784, 786 (Fed.Cir.1998); *Hernandez v. United States*, 38 Fed.Cl. at 537. *See* 28 U.S.C. § 1491(a)(1).

■ Absent jurisdiction, this court cannot consider plaintiff's request to amend his complaint. *Girling Health Systems, Inc. v. United States*, 949 F.2d 1145, 1146–1147 (Fed.Cir.1991).

### B. Re-transfer to the Southern District of Indiana

■ In response to the government's motion, plaintiff urges this court to transfer the case back to the District Court. Pl.'s Resp. at p. 2. Title 28, United States Code, § 1631 governs transfers to cure want of jurisdiction. The statute provides in pertinent part:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed....

28 U.S.C. § 1631. Whether a case should be transferred rests within the sound discretion of the transferor court. *Siegal v. United States*, 38 Fed.Cl. 386, 390 (1997); *Williams International Corporation v. United States*, 7 Cl.Ct. 726, 731 (1985). The test for transferring a case is "whether it would be 'in the interest of justice' to do so." *Hicks v. United States*, 23 Cl.Ct. 647, 653 (1991); *Williams International Corporation*, 7 Cl.Ct. at 731–732. The determination that a transfer would be "in the interest of justice," as required by the statute, "turns on the peculiar facts and circumstances of each case." *Siegal*, 38 Fed.Cl. at 390, *quoting Bienville v. United States*, 14 Cl.Ct. 440, 445 (1988). If such transfer "would nevertheless be futile given the weakness of plaintiff's case on the merits", the deciding court may decline to transfer the case and dismiss it. *Siegal*, 38 Fed.Cl. at 390–391.

■ Transferring this case back to the District Court would be futile because, as that court previously determined, it lacks jurisdiction to hear the matter even if plaintiff were permitted to amend his complaint as he desires. *Faulkner v. Pelt*, No. TH96–0201–C–T/G, slip op. at 10–11 (S.D.Ind. Sept. 17, 1997). Plaintiff's proposed amendment omits the demand made in this court for back pay and adds a claim for the equitable remedy of mandamus relief.[1] Title 28, United States Code, § 1361 vests original jurisdiction for issuing mandamus orders in the district courts. Like the APA, § 1361 contemplates that the plaintiff seeks to correct the action of a federal employee or agency. *See* 5 U.S.C. § 706(d)(2) (allowing the reviewing court to "hold unlawful and set aside agency action, findings, and conclusions found to be without observance of procedure required by law"); 28 U.S.C. § 1361 (authorizing the district court to hear any action "to compel an officer or employee of the United States or

any agency thereof to perform a duty owed to the plaintiff"). Plaintiff has conceded that "members of National Guard units are not federal military personnel." Pl.'s Resp. at p. 3. Moreover, plaintiff does not dispute the government's view that under the binding authority of *Knutson v. Wisconsin Air National Guard*, 995 F.2d 765, 767–768 (7th Cir.1993), the Indiana Adjutant General was a state official. Plainly, no federal agent has acted here.

■ Plaintiff has cited a single case, *Wright v. United States Civil Service Commission*, 442 F.Supp. 1274 (S.D.Ind.1978), in support of his contention that the District Court has jurisdiction of this case. But the court finds that decision inapposite. In the *Wright* case, the District Court considered an appeal by four aircraft flight instructors for the Indiana Army National Guard challenging their classifications. The instructors submitted their classification appeals to the Indiana Adjutant General who, in turn, forwarded the appeals to the National Guard Bureau ("Bureau") in accordance with administrative procedure. The Bureau is the *federal* agency that channels communication between the Departments of the Air Force and the Army and the several states on all matters pertaining to the National Guard. 10 U.S.C. § 10501. The Bureau denied the appeals, finding that the classification of the instructors was appropriate. The instructors then appealed to the Civil Service Commission ("Commission"), another *federal* agency. After the Commission affirmed the Bureau's determination, the instructors filed suit in federal district court alleging that the decisions of the Bureau and the Commission were arbitrary and capricious in violation of the APA. Citing the Seventh Circuit's opinion in *Wood v. U.S. Post Office Dept.*,[2] the *Wright* court determined that it had jurisdic-

---

1. Mr. Faulkner cannot bring a federal claim under the Back Pay Act, 5 U.S.C. §§ 5595–5597. That statute permits a federal employee who has suffered an unjustified personnel action that results in a reduction of pay to bring an action for the sum the employee would have earned absent the personnel action. *Id.* at § 5596. Although the statute permits former federal military personnel to bring an action against the United States for back pay, it does not allow state national guardsmen to bring such claims. *See Aube*

*v. United States*, 25 Cl.Ct. 351, 352–54 (1992); *Christoffersen v. United States*, 230 Ct.Cl. 998, 1002 (1982); *Gnagy v. United States*, 225 Ct.Cl. 242, 634 F.2d 574, 579 (1980). Plaintiff concedes that he was a state national guardsman at the time of his separation. Pl.'s Resp. at p. 3.

2. 472 F.2d 96 (7th Cir.), *cert. denied*, 412 U.S. 939, 93 S.Ct. 2775, 37 L.Ed.2d 399 (1973).

tion to hear the case under the APA and 28 U.S.C. § 1331. *Id.* at 1275–76.

What makes the *Wright* case differ in a critical respect from this plaintiff's is the *Wright* plaintiffs' appeal to *federal* agencies for a decision on their classification challenges. No such *federal* agency action has occurred in this case. Rather, Mr. Faulkner challenges the action of Indiana National Guard officers who are deemed state officials as a matter of law. *See Knutson,* 995 F.2d at 767–768. The Indiana Adjutant General's refusal to grant a waiver to a state national guardsman is a state law action which simply does not create a federal cause of action.

### C. Conclusion

This court lacks jurisdiction to hear plaintiff's claim. Absent jurisdiction, the court may not consider plaintiff's motion for leave to amend his complaint. Because transferring the case back to the District Court would be futile, this court declines Mr. Faulkner's request that it do so. The government's Motion to Dismiss is hereby GRANTED.