**REPUBLIC OF NEW MOROCCO,**
**Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 10–864C.**

United States Court of Federal Claims.

April 29, 2011.

---

Republic of New Morocco, Philadelphia, PA, pro se.

Vincent D. Phillips, United States Department of Justice, Washington, DC, for defendant.

### OPINION AND ORDER

SWEENEY, Judge.

Before the court is defendant's motion to dismiss. Plaintiff, the Republic of New Morocco, alleges that an employee of the United States Department of State ("State Department") unlawfully refused to authenticate various documents and damaged additional documents. Defendant, contending that plaintiff has failed to identify a money-mandating source of law, moves to dismiss the complaint pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). For the reasons set forth below, defendant's motion to dismiss is granted.

### I. BACKGROUND

Plaintiff, which is comprised of "eight individuals descending from the ancient Moabites," Compl. 1, is a branch of the Moorish Science Temple of America, *id.* ¶ 14. On July 2, 2010, plaintiff's representatives visited the State Department for the purpose of having sixteen documents authenticated. *Id.* ¶ 1. A State Department authentication officer initially affixed seals to four of the documents. *Id.* ¶ 4. Thereafter, Denitra Hawkins, another State Department authentication officer, questioned the content of plaintiff's documents, demanded the return of the four authenticated documents, and declined to authenticate the remaining twelve

documents. *Id.* ¶¶ 5–6. Ms. Hawkins then removed the seals that had been affixed to the four authenticated documents and, "in so doing, defaced each of the four documents by leaving ragged and unsightly holes in the upper left hand corners." *Id.* ¶ 7.

In a July 2, 2010 letter sent to plaintiff, Ms. Hawkins explained:

> The U.S. Department of State will not certify to a document when it has good reason to believe that the certification is desired for an unlawful or improper purpose. It is therefore the duty of the Authentication Officer to examine not only the document ... but also the fundamental document to which previous seals [or] other certifications may have been affixed by other authorities.

> After a thorough review of your document(s) ..., the Department of State does not believe your document(s) should be authenticated. Your document(s) contain **one or more of a number of questionable statements, such as[ ]** statements regarding citizenship, diplomatic status, tax exemption, the requester's purported name change and other legal claims. Authenticating your document(s) could give the false impression that the Department of State endorses these statements and could facilitate the use of the document for improper and possibly unlawful purposes. As a result, the Department may lawfully deny certification of your document under 22 CFR 131.2.

Compl. Ex. A. According to plaintiff, Ms. Hawkins's "insinuat[ion] that ... placing the Department of State Seal upon [its] documents would in some way aid in some untoward purpose is '*ab absurdo*' and is without substance." Compl. ¶ 16. Plaintiff asserts that Ms. Hawkins violated, among other things, (1) regulations governing the authentication process, *id.* ¶ 18; (2) provisions of the Treaty of Peace and Friendship Between the United States of America, and His Imperial Majesty the Emperor of Morocco, *id.* ¶¶ 17–18; and (3) various sections of title 18 of the United States Code, *id.* ¶ 18. Plaintiff seeks an order directing the State Department to "complete the authentication process

of the sixteen documents presented on July 2, 2010," and awarding monetary damages for the four documents that were allegedly damaged. Compl. Wherefore ¶¶ 1–2.

## II. LEGAL STANDARDS

### A. *Pro Se* Plaintiff

■ The United States Court of Federal Claims ("Court of Federal Claims") holds pleadings of a *pro se* plaintiff to less stringent standards than those of litigants represented by counsel. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Courts have "strained [their] proper role in adversary proceedings to the limit, searching . . . to see if plaintiff has a cause of action somewhere displayed." *Ruderer v. United States,* 412 F.2d 1285, 1292 (Ct.Cl. 1969). Although plaintiff's pleadings are held to a less stringent standard, such leniency "with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States,* 75 Fed.Cl. 249, 253 (2007); *see also Kelley v. Sec'y, U.S. Dep't of Labor,* 812 F.2d 1378, 1380 (Fed.Cir.1987) ("[A] court may not similarly take a liberal view of that jurisdictional requirement and set a different rule for *pro se* litigants only."); *Bernard v. United States,* 59 Fed.Cl. 497, 499 (noting that *pro se* plaintiffs are not excused from satisfying jurisdictional requirements), *aff'd,* 98 Fed. Appx. 860 (Fed.Cir.2004). As the Court of Federal Claims stated in *Demes v. United States,* "[w]hile a court should be receptive to *pro se* plaintiffs and assist them, justice is ill-served when a jurist crosses the line from finder of fact to advocate." 52 Fed.Cl. 365, 369 (2002).

### B. Subject Matter Jurisdiction

■ Whether the court possesses jurisdiction to decide the merits of a case is a threshold matter. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); *see also Matthews v. United States,* 72 Fed.Cl. 274, 278 (2006) (stating that subject matter jurisdiction is "an inflexible matter that must be considered before proceeding to evaluate the merits of a case"). "Without jurisdiction the court cannot proceed at all in any cause.

Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle,* 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868). The parties or the court *sua sponte* may challenge the court's subject matter jurisdiction at any time. *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 506, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006).

■ The ability of the Court of Federal Claims to entertain suits against the United States is limited. "The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). A waiver of immunity "cannot be implied but must be unequivocally expressed." *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969).

■ Jurisdiction under the Tucker Act is based upon actions involving the following: (1) contracts with the United States; (2) illegal exactions of money by the United States; and (3) money-mandating constitutional provisions, statutes, regulations, or executive orders. 28 U.S.C. § 1491(a)(1) (2006); *United States v. Mitchell,* 463 U.S. 206, 212–18, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). The Tucker Act "is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Because the Tucker Act "is merely jurisdictional, . . . grant of a right of action must be made with specificity." *Id.* at 400, 96 S.Ct. 948. As the United States Court of Appeals for the Federal Circuit explained,

> [i]n determining whether the Court of Federal Claims has jurisdiction, all that is required is a determination that the claim is founded upon a money-mandating source and the plaintiff has made a nonfrivolous allegation that it is within the class of plaintiffs entitled to recover under the money-mandating source. There is no further jurisdictional requirement that the court determine whether the additional al-

legations of the complaint state a nonfrivolous claim on the merits.

*Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1309 (Fed.Cir.2008); *see also Ralston Steel Corp. v. United States*, 340 F.2d 663, 667–68 (Ct.Cl.1965) (holding that "a claimant who says he is entitled to money from the United States because a statute or a regulation grants him that right, in terms or by implication, can properly come to the Court of Claims, at least if his claim is not frivolous, but arguable").

### C. Motion to Dismiss

Defendant moves to dismiss the complaint for lack of subject matter jurisdiction under RCFC 12(b)(1). The court's "general power to adjudicate in specific areas of substantive law ... is properly raised by a [Rule] 12(b)(1) motion." *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed.Cir.1999). When deciding a motion to dismiss, the court assumes all factual allegations are true and draws all reasonable inferences in the plaintiff's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 814–19, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *United Pac. Ins. Co. v. United States*, 464 F.3d 1325, 1327–28 (Fed.Cir.2006).

The burden of establishing the court's subject matter jurisdiction resides with the party seeking to invoke it. *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). The plaintiff "bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed.Cir.1988). If the defendant or the court questions jurisdiction, the plaintiff cannot rely solely on allegations in the complaint but must bring forth relevant, adequate proof to establish jurisdiction.[1] *See McNutt*, 298 U.S. at 189, 56 S.Ct. 780. When ruling upon a motion to dismiss for lack of subject matter jurisdiction, the court may examine relevant evidence in order to decide any factual dis-

putes. *See Moyer v. United States*, 190 F.3d 1314, 1318 (Fed.Cir.1999); *Reynolds*, 846 F.2d at 747. If the court finds that it lacks subject matter jurisdiction, then it must dismiss the claim. *Matthews*, 72 Fed.Cl. at 278; *see also* RCFC 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

### III. DISCUSSION

### A. Plaintiff Fails to Identify a Money–Mandating Source of Law

▊ "[T]he absence of a money-mandating source [is] fatal to the court's jurisdiction under the Tucker Act." *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed.Cir.2005) (en banc portion). In this case, plaintiff cites numerous provisions of law to support its position that the State Department must (1) certify all sixteen of plaintiff's documents and (2) either repair the four damaged documents or compensate plaintiff for its loss. None of the legal provisions cited, however, is money-mandating such that the court possesses jurisdiction over the complaint.

First, plaintiff claims a violation of 22 C.F.R. § 131.2. Compl. ¶ 18 (alleging that Ms. Hawkins was "not compliant with the very law which she relies upon in support of her illegal and unlawful decision"). Pursuant to this regulation, the State Department may refuse to certify a document "when it has good reason to believe that the certification is desired for an unlawful or improper purpose." 22 C.F.R. § 131.2(a) (2010). Section 131.2 makes no reference to the payment of money damages and therefore cannot serve as a basis for the court to exercise jurisdiction over the complaint.

The regulation also provides that an authentication officer "shall request such additional information as may be necessary to establish that the requested authentication will serve the interests of justice and is not contrary to public policy." *Id.* Thus, the court may construe plaintiff's claim that Ms.

---

1. Although plaintiff was afforded ample opportunity to respond to defendant's motion to dismiss, it did not do so.

Hawkins violated this part of the regulation by failing to request additional information from plaintiff as a claim arising under the Due Process Clause of the Fifth Amendment to the United States Constitution ("Constitution"). However, the Due Process Clause is not a money-mandating source of law. *Crocker v. United States,* 125 F.3d 1475, 1476 (Fed.Cir.1997); *LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed.Cir.1995). Therefore, the Due Process Clause cannot serve as a basis for the court to exercise jurisdiction over the complaint.

Second, plaintiff, citing the Full Faith and Credit Clause of the Constitution, asserts that Ms. Hawkins violated its "right as sovereign[ ] to register with the said government[.]" Compl. ¶ 18. Section 1 of Article IV of the Constitution provides: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof." This provision has no application here: it does not require the State Department to authenticate plaintiff's documents, and it does not mandate the payment of money damages. Therefore, the Full Faith and Credit Clause cannot serve as a basis for the court to exercise jurisdiction over the complaint.

Third, plaintiff asserts that the State Department's violations of the Treaty of Peace and Friendship Between the United States of America, and His Imperial Majesty the Emperor of Morocco "limited [its] ability to conduct and participate in national and international commerce which this Treaty was established to protect and promote[.]" *Id.* No provision of this treaty requires the State Department to authenticate plaintiff's documents or mandates the payment of money damages. *See* Treaty of Peace and Friendship Between the United States of America, and His Imperial Majesty the Emperor of Morocco, July 6, 1786–Jan. 25, 1787, 8 Stat. 100, 1786 U.S.T. LEXIS 4. Moreover, unless otherwise specifically authorized by statute, the Court of Federal Claims lacks jurisdiction over "any claim against the United States growing out of or dependent upon any treaty entered into with foreign nations." 28 U.S.C. § 1502. Consequently, the Treaty of Peace and Friendship Between the United States of America, and His Imperial Majesty the Emperor of Morocco cannot serve as a basis for the court to exercise jurisdiction over the complaint.

Fourth, plaintiff cites various alleged violations of criminal statutes based upon the State Department's decision not to authenticate plaintiff's documents. Compl. ¶ 18. Criminal statutes are not money-mandating provisions. More importantly, the Court of Federal Claims lacks jurisdiction to adjudicate any claims under the federal criminal code. *Joshua v. United States,* 17 F.3d 378, 379 (Fed.Cir.1994); *Mendes v. United States,* 88 Fed.Cl. 759, 762 (2009). As such, none of the criminal statutes cited by plaintiff can serve as a basis for the court to exercise jurisdiction over the complaint.

In sum, none of the legal provisions cited by plaintiff in its complaint constitute money-mandating sources of law over which the court possesses jurisdiction.

## B. Plaintiff Cannot Assert a Tort Claim for Property Damage in the Court of Federal Claims

█ Plaintiff next contends that the State Department destroyed or defaced four documents when Ms. Hawkins removed seals that had been previously affixed thereto by another State Department authentication officer. Compl. ¶ 7. Claims alleging conversion or destruction of property, however, sound in tort. *Woodruff v. United States,* 80 Fed.Cl. 806, 816 (2008). The Tucker Act expressly excludes tort claims from the jurisdiction of the Court of Federal Claims. *See* 28 U.S.C. § 1491(a)(1). Accordingly, the court lacks jurisdiction over plaintiff's claim related to the four documents that were allegedly damaged.

## C. The Court Cannot Award Plaintiff Equitable Relief

█ In addition to requesting money damages, plaintiff seeks an order directing the State Department to authenticate sixteen documents and to require Ms. Hawkins to "bring the four documents ... back into

validity" that were allegedly damaged. Compl. Wherefore ¶¶ 1–2. The Court of Federal Claims lacks the ability to award general equitable relief.[2] *See Bowen v. Massachusetts,* 487 U.S. 879, 905, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988) (holding that the Court of Federal Claims lacks general jurisdiction to grant injunctive relief); *Brown v. United States,* 105 F.3d 621, 624 (Fed.Cir. 1997) (holding that the Tucker Act does not provide independent relief through declaratory judgments); *Stephanatos v. United States,* 81 Fed.Cl. 440, 445 (2008) (explaining that the court "has no authority to grant equitable relief 'unless it is tied and subordinate to a money judgment'" (quoting *James v. Caldera,* 159 F.3d 573, 580 (Fed. Cir.1998))). Nevertheless, the Tucker Act authorizes the court to grant equitable relief under limited circumstances:

> To provide an entire remedy and to complete the relief afforded by the judgment, the court may, *as an incident of and collateral to any such judgment,* issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States. In any case within its jurisdiction, the court shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just.

28 U.S.C. § 1491(a)(2) (emphasis added). Here, plaintiff has not asserted a money-mandating source of substantive law. As such, the equitable relief plaintiff seeks does not arise as "an incident of and collateral to" a money judgment. Accordingly, the Court of Federal Claims lacks the authority to grant equitable relief in this case.

2. The court may award equitable relief for non-monetary claims under the Contract Disputes Act of 1978 ("CDA"). 28 U.S.C. § 1491(a)(2); *accord Alliant Techsys., Inc. v. United States,* 178 F.3d 1260, 1268–70 (Fed.Cir.1999). It may also, as part of its bid protest jurisdiction, "award any relief that the court considers proper, including declaratory and injunctive relief except that any monetary relief shall be limited to bid preparation and proposal costs." 28 U.S.C.

## D. Transfer to a Federal District Court Is Inappropriate

 "When a court lacks jurisdiction, the ordinary course is ... to dismiss...." *Phillips v. Seiter,* 173 F.3d 609, 610 (7th Cir.1999). Nevertheless, a court must transfer a claim over which it lacks jurisdiction to a court where it could have been brought under certain circumstances:

> Whenever a civil action is filed in a court as defined in section 610 of this title ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought.[3]

28 U.S.C. § 1631 (footnote added). Thus, in order to transfer a case, the court must determine that (1) it lacks subject matter jurisdiction; (2) at the time the case was filed, the case could have been brought in the transferee court; and (3) transfer is in the interest of justice. *Id.; United States v. John C. Grimberg Co.,* 702 F.2d 1362, 1364 n. 5, 1374 (Fed.Cir.1983). A decision to transfer rests within the sound discretion of the transferor court, and the court may decline to transfer the case "[i]f such transfer 'would nevertheless be futile given the weakness of plaintiff's case on the merits.'" *Faulkner v. United States,* 43 Fed.Cl. 54, 56 (1999) (quoting *Siegal v. United States,* 38 Fed.Cl. 386, 390 (1997)).

 "The basic test ... for determining if a case should be transferred is whether it would be in 'the interest of justice' to do so." *Busby School of N. Cheyenne Tribe v. United States,* 8 Cl.Ct. 588, 595 (1985). Here, plaintiff alleges that the State Department violated a federal regulation, the Full Faith and Credit Clause of the Constitution, a treaty, and various federal criminal statutes by refusing to authenticate documents.

§ 1491(b)(2). Neither the CDA nor the court's bid protest jurisdiction is applicable in this case.

3. Under 28 U.S.C. § 610, the term "court" includes "the courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade."

None of these allegations has merit. Furthermore, even assuming that plaintiff could file its claim in federal district court, "[g]enerally, private citizens have no authority to institute a federal criminal prosecution. Criminal statutes can be enforced only by the proper authorities of the United States government, such as United States attorneys." *Martinez v. Ensor,* 958 F.Supp. 515, 518 (D.Colo.1997). Accordingly, transfer of this action to a federal district court is not in the interest of justice. *See Siegal,* 38 Fed.Cl. at 390.

## IV. CONCLUSION

Plaintiff's claim is not founded upon a money-mandating source of law, and the court otherwise lacks jurisdiction over the complaint. Accordingly, defendant's motion to dismiss is **GRANTED.** The clerk is directed to **DISMISS WITHOUT PREJUDICE** the complaint and to enter judgment accordingly. No costs.

**IT IS SO ORDERED.**